CHESHIRE, MAY TERM, 1825.

## ELIJAH CARPENTER *vs.* MOSES T. THOMPSON.

When a lease for years is made by indenture, the lessee is estopped only during the term to deny the title of the lessor.
When there is an estoppel against an estoppel, it sets the matter at large.

This was a writ of entry, in which the demandant counted upon his own seisin of a tract of land in *Swanzey*, and upon a disseisin by the tenant.

The cause was tried here at October term, 1824, upon the general issue, when it was admitted, that the tenant was once seized of the demanded premises ; and it appeared that being so seized, he, by deed on the 20th March, 1813, conveyed the same to one *Jonathan Hammond*, who, by his will, which has been duly proved and allowed as the law requires, devised the same to the demandant.

On the part of the tenant, it appeared, that the said *Jonathan Hammond*, by deed on the 22d March, 1816, reconveyed the same land to the tenant.

The demandant then gave in evidence, to the jury, a lease made on the 22d March, 1822, of the same land, and signed and sealed by the said *Thompson* and the said *Hammond*, in the words following :

"This indenture made this 22d March, 1822, between *J.* "*Hammond*, of, &c. on the one part, and *Moses T. Thompson*, "of, &c. on the other part, witnesseth, that the said *Jonathan*

" *Hammond*, for and in consideration of the covenant and
" agreement hereinafter mentioned, hath hereby leased, de-
" mised, and to farm let unto the said *Moses T. Thompson*,
" his heirs and assigns, the following tracts or parcels of land,
" being and lying in *Swanzey* aforesaid, with all the buildings
" thereon, viz.   All the land and buildings, which the said
" *Jonathan* held from the said *Moses T. Thompson*, by deed,
" bearing date the 20th March, 1813, and being the farm
" that *Moses T. Thompson* now improves, to have and to hold,
" use and occupy the same demised premises, with all privi-
" leges and appurtenances thereof, to him the said *M. T.*
" *Thompson*, &c. for and during the term of one year from
" the above date, the said *Thompson* yielding and paying to
" the said *J. H.* at the expiration of said year, $48 23, and
" all taxes, which shall be lawfully assessed on said land and
" buildings during said term.   And the said *Hammond*, for
" himself, &c. doth covenant and agree with the said *Thomp-*
" *son*, &c. that he shall peaceably hold and quietly enjoy the
" premises during the term aforesaid, and at the expi-
" ration of said term, the premises shall revert and return
" into the possession of the said *Jonathan*, in the same man-
" ner, and in as good condition, as though this lease had never
" been made.   In witness," &c.

And the demandant's counsel contended, that the tenant
was estopped, by the said lease, to claim the land by virtue
of the deed of March 22d, 1816 ; but the court overruled
the objection ; and the jury having returned a verdict in fa-
vour of the tenant, the demandant moved the court to grant
a new trial, on the ground that the said objection ought to
have prevailed.

*J. Parker*, for the demandant.

It is said in some of the older authorities, that there is no
estoppel by indenture of lease, after the expiration of the
term. *Bac. Abr.* " *Leases*, &c." *O.*—4 *Co. Rep.* 53, 54, *Raw-
lyn's case.*—*Cro. Eliz.* 36, *James vs. Landon.*—*Com Dig.*
" *Estoppel*," *F.*

This may perhaps be true of an estoppel to deny title,
where the estoppel arises merely from the general words of
the demise and the acceptance of the lease by lessee, be-

Carpenter
*vs.*
Thompson.

cause a demise does not necessarily import a right in lessor for any longer time than the term demised ; and the estoppel of lessee may therefore end with the term, the implied acknowledgment of lessor's title not extending beyond that time.

But that it is not true in the extent, is manifest from other cases. 12 *John. Rep.* 182, *Jackson vs. M'Leod.*—10 *John.* 358, *Brant vs. Livermore.*—7 *D. & E.* 491, *Barwick vs. Thompson.*—12 *Mass.* 47, *Fletcher vs. M'Fariane.*—*Ld. Ray.* 1051, *Treviban vs. Lawrence.*—ditto 1550, *Palmer vs. Ekins.*—2 *Taunt.* 282, *Taylor vs. Needham.*

It is not important, however, in this case, to settle how far parties to an indenture in common form are estopped by the mere demise, or what ought to be the duration of such estoppel.

The lease, in the case at bar, expressly acknowledges the title of the lessor, and the lessee is estopped by the recital and admission of *Hammond's* title in the lease. 14 *John.* 224, *Jackson vs. Ayers.*—1 *Greenleaf's Rep.* 1, *Steele vs. Adams.*— *Willes' Rep.* 9, *Shelley vs. Wright.*—2 *Bos. & Pul.* 299, *Hosier vs. Searle.*—3 *John. Cas.* 174, *Denn vs. Cornell.* —9 *John. Rep.* 92, *Jackson vs. Wilson.*—10 ditto 358, *before cited.*—1 *Strange* 512, *Atkinson vs. Coatsworth.*—1 *Saund.* 216, n. 2, *Doughty vs. Neal.*—*Cro. Eliz.* 756, *Willoughby vs. Brook.*—ditto 362, *Strowd vs. Willis.*—*Metcalf's Yelv.* 227, n. 1, *Doughty vs. Fawn.*—*Bac. Abr.* " *Pleas & Pleadings,*" I. 11.—9 *Co. Rep.* 10, *Dowman's case.*—*Willes,* 26, *Cossens vs. Cossens.*—Admitted, also, 5 *Barn. & Ald.* 606, *Lampon vs. Corke.*

In farther confirmation of our position, that defendant is estopped in this case ;—that the execution and acceptance of the lease, with a particular acknowledgment of title, and a covenant that premises shall revert and return, is utterly inconsistent with the pretended deed of 1816 ; and that defendant cannot therefore set up that deed, we cite 4 *Co. Rep.* 5, *Vernon's case.*—12 *John.* 357, *Springstien vs. Schermerhorn.*—10 ditto 292, *Jackson vs. Hinman.*—3 ditto 504, *Jackson vs. Scissam.*—7 ditto 159, 2 *Edit. note b.*

There can be no good reason why the recital of a particular fact, or the acknowledgment of a particular title, in an indenture of lease, should not have the same effect, that it would have in any other instrument under seal.   There is the same solemnity and deliberation attached to it, (2 *Blk. Com.* 295,) and the case 10 *John.* 358, shews, that such recital does operate as an estoppel, equally with a recital in a deed, bond, or will.   The recitals in our lease are necessarily repugnant to a title in defendant at the time of its execution.

In answer to the suggestion of the court, that here may be estoppel against estoppel ; we admit that estoppel against estoppel sets the matter at large, but contend that the rule does not apply here.   There are two instances of estoppel against estoppel put in *Com. Dig.* " *Estoppel*," *E.* but neither of them similar to this case.   The estoppel we set up arises from the lease of 1822.   If defendant can shew an acknowledgment that *Hammond* had not then title, there will be an estoppel against the plaintiff, which will leave the matter to be found by the jury.   In order to estop us, they must shew matter of estoppel against our lease, some admission of *Hammond*, under seal, subsequent to or at the time of making the lease, that he had not the title, which *Thompson* by the lease admits him to have.

Again, the pretended deed of 1816 cannot operate as an estoppel, because it purports to be a conveyance of the land, and if we are mistaken in our allegation that it is wholly fraudulent, then it took effect by passing an interest, and so cannot be set up by way of estoppel.   (*Vide Ld. Raym.* 1552.)   An instrument cannot operate as a conveyance and as an estoppel also, between the same parties.   The lease of 1822 is an evidence that the deed of 1816, which on this supposition took effect at the time of making it, was subsequently cancelled, and thus estops *Thompson* to rely upon it afterwards.

*Alexander* and *Wilson*, for the tenant.

RICHARDSON, C. J. delivered the opinion of the court.

The counsel for the demandant in this case has contended, that the tenant is estopped by the lease, which he took of

the land on the 22d March, 1822, from *Hammond*, to claim the land. If the term created by that lease were still subsisting, this objection might deserve consideration. But that term was only for a year, which expired on the 22d March, 1823, and it seems to be well settled, that in these cases the estoppel, so far as relates to the reversion, expires with the term.

Lord *Coke* says, "if a man take a lease for years of his "own land by deed indented, the estoppel doth not continue "after the term ended. For by the making of the lease the "estoppel doth grow, and consequently by the end of the "lease, the estoppel determines." *Coke Litt.* 47, *b.*

In *James'* case, (*Moor* 181,) *James*, seized of land in fee, took a lease for years from a stranger, by deed indented, of his own land. The term expired, and the stranger entered, and *James* brought an action of trespass ; and the issue was, whether *James* had a freehold in the land, or not ; and the jury having returned a special verdict, the question was, whether the lease was an estoppel after the term ended ; and it was agreed by the judges, that it should be an estoppel only during the term.

The same case is reported in *Croke Eliz.* 36, and is mentioned in the end of *Rawlyn's* case, 4 *Coke* 54.

In the case of *Brudnell vs. Roberts*, (2 *Wilson* 143,) the action was covenant brought by the plaintiff upon a lease for years, as heir in reversion in fee to his father, and the breach assigned was want of repairs : the defendant pleaded, that the father when he made the lease to him was only tenant for life, and that the father being dead, the lease was determined, and traversed, that after the making of the indenture of lease the reversion belonged to the father and his heirs. To this plea the plaintiff demurred. It was said by the defendant's counsel, that during the continuance of the lease the defendant would have been estoped to say, that the lessor had not the reversion in him, but the lease being at an end, the lessee was, as it were unmuzzled, and not estopped to plead the truth. And the reporter says, of that opinion was the whole court.

There was a similar decision in the case of *Blake vs. Foster,* (8 *D. & E.* 487.) Indeed the principle seems never to have been disputed. 7 *D. & E.* 537.—*Comyn's Digest,* " Estoppel," *F.*—*Cro. Eliz.* 700.

The question is not, whether the tenant in this case is estopped to say that the lessor had nothing in the land during the year, which the lease continued. 1 *Salk.* 277, *Kemp vs. Goodall.*—3 *Levintz* 146, *Heath vs. Vermeden.*—6 *D. & E.* 62, *Wilkins vs. Wingate.*

But the question is, whether the tenant, as the term created by the lease has now expired, is estopped to say that the lessor had nothing in the reversion. This question is too well settled by the authorities, to which we have referred, to admit a doubt.

It is however urged, that although the tenant may not be estopped by the mere demise after the expiration of the term, yet he is estopped by the description of the land in the lease ; " all the land which the said *Jonathan* holds " from the said *Moses T. Thompson,* by deed bearing date " the 20th March, 1813."

It is a general rule well settled, that when a deed refers to a generality, the party may aver that the matter, to which the reference is made, does not exist. But where it refers to a precise thing as existing at the time, it is an estoppel. This is well illustrated by the case of *Paramoure vs. Dunning,* (*Moor* 420.) " The condition of an obligation was to " pay all legacies, which *J. S.* had devised by his will : the " defendant would have said that *J. S.* made no will ; but " by the court he shall be estopped ; but he may say, that " *J. S.* gave no legacy by his will." Here the will was referred to as in existence. But an agreement to pay all legacies given by a particular will is not an admission, that there are any to pay. *Willes* 9.—2 *B. & P.* 299.—*Com Dig.* " Estoppel," *A.* 2.

But whether this case falls within this general rule need not be now settled, because there is another answer to this objection which is decisive. For if this tenant might be estopped by the lease of 1822, to say that *Hammond* did not hold the land at that time under the deed of 1813 ; still this

Carpenter
*vs.*
Thompson.

demandant, who claims under *Hammond*, would be estopped by the deed of 1816, to say that *Hammond* did, in 1822, hold the land under the deed of 1813, and there would be an estoppel against an estoppel, which sets the matter at large.