By the Court, Savage, Ch. J.
The first question is, who held the affirmative of the issue joined % In my judgment, the plaintiff did. In his declaration, he asserts affirmatively several facts: the making the lease, the transfer to him by his co-lessor, and the assignment to defendant. The defendant *563 takes issue upon one fact only, viz. the assignment to himself. This averment, then, is denied, and, of course, the others are admitted. But as to this, it seems to me plain that the A plaintiff must prove the fact which he has asserted, and which the defendant has denied to be true. The judge erred, therefore, in refusing to nonsuit the plaintiff. It has often, however, been decided, that although the judge errs in refusing to nonsuit a plaintiff, still, if the evidence which ought to have been given by the plaintiff is given in the course of the trial, a new trial will not be granted for such error. That principle is applicable here. Proof that the defendant is in possession of the demised premises is prima facie evidence that he is assignee. The plaintiff ought to have given that proof, if he did not choose to shew the defendant assignee in any other manner; yet, as the defendant himself proved that fact, a new trial must be denied, unless there was some other error.
The only other question in this case is, whether the eviction of three eighths is a bar to the action ? This precise question has been already decided by this court in this very cause, when the same defence was pleaded and demurred to.* The case upon which we then relied, and which is exactly in point, is Stevenson v. Lombard, (2 East, 576.) That *564 was an action of covenant against the assignee. He plead-e<lan eviction by title paramount of half the premises. To this plea, the plaintiff demurred, and had judgment on the ground that the assignee is answerable by virtue of the privi *565 ty of estate only, and as to him, rent is apportionable. The plea, therefore, if pleaded to one half the plaintiff’s demand, would have been good, but was held bad in bar of the whole action.
The evidence in this case, therefore, is no bar to the action. Under a proper state of pleadings, it would have been a bar *566 to three eighths of the demand. The only point of view in which it could have been received was to shew that the defendant was not assignee, but had some lesser estate as sub-tenon^ The evidence does not shew that the defendant’s interest was any thing less than the whole term. It does shew that the plaintiff ought not to recover but five eighths of his present verdict; but, as the evidence was not |S?operly received to shew that fact, the plaintiff could not be required to controvert it. If the defendant intended to shew an eviction of three eighths, by way of reducing the amount of the plaintiff’s recovery, he should have so pleaded. The evidence does not support the plea, and the plaintiff is entitled to retain his verdict.
Motion for new trial denied.

 Lansing vs. Van Alstyne. By the Court, Savage, Ch. J. This is an action of covenant on a lease, dated November 7, 1791, from John and Abraham G. Lansing to George Riecard, for 69 acres for certain lives, at a rent of $20 per annum. The declaration states, that Abraham G. Lansing assigned his interest to the plaintiff and that the defendant, on the 16th January, 1815, became the assignee of Riecard, and claims seven years’ rent, due 1st January, 1823, accruing since the assignment to the defendant. The defendant pleaded, 1. That he is not assignee of Riecard; 2. After craving oyer of the lease, which contains a covenant for quiet enjoyment, that before the demise, Jacob G. Iilock and others wore seized of three eighths of the premises in fee simple, until the plaintiff and Abraham G. Lansing disseised them, and, being so seized by their disseisin, demised the tenements aforesaid; that Riecard entered and assigned, and upon his assignees, to wit, Abraham J. Maher and others, Jacob G. Klock and others, entered on the 22d May, 1809, and expelled them from the said three eighths, and keeps out the present defendant, and this ho is ready to *564 verify, &c.; 3. That the lease (describing it) contained a covenant for quiet enjoyment, and that J. G. Klock and others, on the 22d May, 1809, entered upon Riccard and his assigns, and dispossessed, expelled and disseised them of three eighths, the said Klock, &c. being the owners of the said three eighths, of which dispossession the Lansings had notice, and were requested to put in possession the then assignee, Comfort Eaton, which they refused to do : and further, that the defendant has kept all the other covenants ; 4. - That since the date of the lease, to wit, on the 22d May, 1815, Jacob G. Klock and others entered upon the possession of the defendant, with the privity and consent of the plaintiff) and expelled the defendant from his possession ; 5. The fifth pica is like the 4th, except that the expulsion is stated to be from three eighths of the premises; 6. That after the 16th January, 1815, and before the 1st January, 1816, the defendant offered to pay the annual rents, if the plaintiff would reinstate him in quiet possession of the three eighths, whereof, with the knowledge of the plaintiff, J. G. Klock, &c. had, on the 22d May, 1809, dispossessed Riccard and his assigns, which the plaintiff declined and neglected; 7. That before the rent became due, mentioned in the declaration, James Jackson, on the demise of J. G. Klock and others, by the judgment of the supreme court, recovered against B. Hudson, the then assignee of Riccard, the premises in question, and afterwards, on the 22d May, 1809, with force and arms entered and expelled him from tinco eighths, and kept him out, and keeps out the defendant, from the 16th January, 1815, hitherto; 8. That James Jackson, ex dem. J. G. Klock, See. of the term of of January, 1800, commenced an action of ejectment in the supreme court against Barnard Hudson, tenant of the demised premises, and such proceedings were had that James Jackson, of the term of August, 1803, recovered three eighths of the premises, as by the record more fully appears; and after-wards, on the 13th August, 1803, caused a writ of possession to be issued to the sheriff of Montgomery county, to which the sheriff) in May, 1809, returned that he had caused the same to be executed, as by the record appears, which judgment remains in full force; by reason whereof, the said James Jackson and others entered into the possession of the three eighth parts of the premises and expelled the said Hudson, and since the 16th January, 1815, keep out the defendant. The plaintiff took issue on the first plea, and demurred generally to all the others. The defendant joined in demurrer. The objections to the second pica are, that it does not show by what title the Klocks entered; that it is not averred that the defendant was evicted from the whole premises; that it does not shew by what process the defendant was evicted, and that an eviction of a part is no bar to the rent, as it will be apportioned. These samo objections, or some of them, arc made to all the other special pleas.
*565 It is well settled that there can be no suspension of the rent without an eviction. (Bul. N. P. 177. 1 Lord Raym. 370.) An eviction by the lessor, or by a paramount title, is a good bar to the payment of rent. (1 Saund. 205, n. Cowp. 243.) In the case of Foster v. Pierson, (4 T. R. 617,) the action was covenant and founded upon a breach of the covenant for quiet enjoyment. It was held to be a good assignment of a breach, to state that J. B. P., at the time of the lease made, and at the time of the eviction, had lawful right and title to the premises, and having such lawful right and title, entered. Another objection taken in that case was, that the eviction was not shewn to have been by due course of law; but this was abandoned as untenable. This is cited and approved by Scijt. Williams, 2 Sound. 181, b.: the contrary was ruled in Mosse v. Archer, (3 Mod. 135.) In Greenby v. Wilcocks, (2 Johns. R. 1,) Spencer, J., who delivered the opinion of the majority of the court, says, “ The eviction stated in the declaration does not appear, nor is it averred to have taken place by process of law: covenants for quiet enjoyment and a general warranty extend only to lawful evictions. Some of the cases admit that the action lies for breach of covenant for quiet enjoyment, if the person to whom the right belongs oust the possessor.” In Waldron v. McCarty, (3 Johns. R. 473,) Spencer, J. again reiterates the doctrine, that in an action on such a covenant there must be an expulsion from the possession, or a disturbance therein. In Cortz v. Carpenter, (5 Johns. R. 121,) the court say, “ The covenant for quiet enjoyment goes to the possession, and not to the title.” It appears to be a technical rule that nothing amounts to a breach oi this covenant but an actual eviction or disturbance of the possession of the covenantee. In Kerry v. Shaw, (13 Johns. R. 238,) the court refer to the above cases, and say that a judgment in ejectment is not sufficient; there must be an actual disturbance of the possession. Taking these cases together, they shew that to constitute an- eviction by a stranger, there must be a disturbance of the possession under a paramount title by due process of law. This must constitute the rule by which to test the sufficiency of the pleas in this case.
The second pica alleges a seisin in fee in IClock, and an expulsion, but not by process of law, and only of three eighths of the premises. It is therefore bad on two grounds: 1. For not shewing process of laie to warrant the expulsion ; and 2. In not shewing title or expulsion only as to a ¡tari. In Stevenson y. Lambard, (2 East, 580,) it is decided that in debt or covenant against the assignee of the lessee, the action is local and the rent is appor *566 iionabZe. That was an action of covenant against the assignee; the defendant pleaded an eviction by ejectment as to one half, to which there was a démurrer, and the court, after an able argument and upon due consideration, gave judgment for the plaintiff, on the principle that between these parties the rent was apportionable ; and they allowed the defendant to amend, and plead it only to one moiety of the rent. Upon the principles here laid down, these pleas are all except the fourth bad, and that is bad for another cause : it states a forcible expulsion by Klock, with the privity and consent of Lansing. Surely Mr. Lansing’s consent amounted to nothing; lie had no authority to consent or dissent. Had the expulsion been by the plaintiff, or by those persons as his servants, or by his direction, a different question would have been pre - sented. In Pendleton v. Dyett, (4 Cowen, 684,) the question is fully discussed ; and it is clearly shewn, Com a review of the authorities, that an ouster by the landlord excuses from the payment of rent; but there must be an actual ouster ftom the whole or part of the demised premises. As the pleas stand, they are all bad. The plaintiff is entitled to judgment upon the demurrer to the 2d, 3d, 4th, 6tli, 6th, 7th and 8th pleas. The defendant has leave to amend on payment of costs.