## GRAY *vs.* JOHNSON & a.

If a lessee covenant with several lessors jointly, that he will pay to each lessor severally a specified proportion of the rent, although the covenant be in terms joint, the interest of each lessor will be several, and each may maintain a separate action for his part of the rent.

A declaration alleged that the defendants were indebted to the plaintiff in the sum of eighteen hundred dollars, for the use and occupation of certain premises, at their request and by the permission of the plaintiff, for a certain period occupied by them, to be paid the plaintiff on request, which sum was unpaid, whereby an action had accrued to the plaintiff, &c.—*Held*, that this was a good count in debt for use and occupation, and might be joined with a count in debt for rent.

In debt for use and occupation, it is unnecessary to state the place where the premises lie, or any of the particulars of the demise.

If a tenant have recognized the title of his landlord by accepting a lease, by payment of rent or the like, he will be estopped during the term from disputing it, although the want of title may appear from the plaintiff's own evidence.

In an action of debt for use and occupation, against a tenant who had accepted a lease from the plaintiff, the latter offered in evidence a deposition, a part of which tended to show that the plaintiff had no title to the premises. This part was excluded by the court on the motion of the plaintiff.—*Held*, that as the defendant could not avail himself of such a defence, the testimony was properly excluded.

The defendants covenanted with several lessors jointly that they would pay each of them severally a specified part of the rent reserved. In an action by one of the lessors to recover his part of the rent—*Held*, that another of the lessors was a competent witness for the plaintiff.

DEBT. The declaration alleged that the plaintiff and others, on the 18th day of September, A. D. 1835, leased cer-

tain premises for seven years to the defendants, reserving a rent of sixteen hundred dollars per annum, payable to the lessors and their assigns, in certain specified proportions, severally; that the sum payable to the plaintiff was four hundred dollars, and the sum payable to George P. Willard, one of the lessors, was two hundred dollars; that on the 22d day of February, A. D. 1836, Willard assigned all his interest in the premises and in the rent to the plaintiff; that the defendants, by virtue of the demise entered into possession of the premises, and still retain it; that on the 5th day of September, A. D. 1840, the sum of six hundred dollars of the rent due Willard became payable, according to the the terms of the demise, for the three years next preceding said 5th day of September, from the defendants, and became payable to the plaintiff by virtue of the demise and of the assignment from Willard, and is still unpaid, whereby an action has accrued to the plaintiff to recover the same.

The second count alleged that the defendants were indebted to the plaintiff in the sum of $1800, for the use and occupation of certain premises by their request, and with the permission of the plaintiff, for the term of three years next preceding the 5th day of September, 1840, to be paid the plaintiff on request, whereby, and by reason of the said sum being unpaid, an action has accrued to the plaintiff to recover the same.

At the trial upon the general issue, the plaintiff offered in evidence a lease under seal from several lessors, of whom he was one, to the defendants, demising to them certain premises described as the same premises conveyed to them by Johnson, the defendant, by a deed of even date with the lease, and described also in certain other deeds to Johnson and Pierce, therein referred to.

The defendants moved the court to nonsuit the plaintiff, on the ground that there were other lessors named in the lease, who should have been joined with the plaintiff in the action, having a joint legal interest in the lease with the

plaintiff. The rent of sixteen hundred dollars reserved in the lease, is payable in the following proportions : " to the said Cutter six hundred dollars ; to the said Gray (the plaintiff,) four hundred dollars ; to the said Plumer two hundred dollars ; to the said Willard two hundred dollars ; and to the said Hill two hundred dollars, to be paid to each of the said lessors, severally." The lease also contained a covenant that the lessees would pay the rent punctually at the time agreed on.

The defendants also objected that there was no sufficient evidence offered of the location of the premises mentioned in the plaintiff's declaration. The plaintiff offered in evidence a deed of assignment from George P. Willard to the plaintiff, dated February 22d, 1836, and a deed of warranty from Willard to the plaintiff, dated on the 26th day of said February, in both of which the premises are described as the same premises conveyed to Johnson and Pierce, and conveyed by Johnson to the lessors.

The plaintiff offered in evidence the deposition of Avery Plumer, to which the defendants objected as incompetent, on the ground that he was one of the lessors named in the lease. A part of this deposition went to show that the lessors had no title to the premises. This part was ruled out on motion of the plaintiff, on the ground that by the lease the defendants were estopped from denying the title of the lessors, to which ruling the defendants excepted.

A verdict was taken for the plaintiff for the sum of $1926.80, subject to the opinion of the court, upon which such judgment is to be rendered as the foregoing case will warrant, and for such sum as the court shall think the plaintiff entitled to recover.

The defendants moved in arrest of judgment, on the ground that there was a misjoinder of counts in the declaration, also, because there was no sufficient allegation in the declaration of the place where the premises in question are situated.

*Cushman*, for the defendants.

The declaration and lease show a legal interest in the plaintiff and others jointly. 1 *Ch. Pl.* 5 ; 1 *East* 497.

The plaintiff cannot recover in his own right, because the declaration contains no averment that the defendants owe the plaintiff, except the sum stated under the assignment of Willard to the plaintiff.

There is a misjoinder of counts ; debt and assumpsit cannot be joined, and here is a count in assumpsit for use and occupation. *Willes R.* 120 ; 1 *Ld. Raym.* 272 ; 1 *Johns.* 503 ; 5 *Pick.* 425 ; 1 *T. R.* 276 ; 2 *Day* 418.

There is no allegation where the lands are situated.

Plumer is clearly incompetent because he is interested with the plaintiff in the contract with the defendants.

Upon the evidence the plaintiff cannot maintain the suit, for his own witness proves that he has no title, and we are entitled to the benefit of that testimony.

*Claggett*, on the same side, contended that the lessors should all unite in the suit, and that judgment should then be rendered therein for each for so much as should be due him, and that this was the only mode of proceeding, because there could be only one judgment rendered on the contract.

*Emery*, for the plaintiff. As to the joinder of the plaintiff with others, the contract is to pay the lessors severally. 1 *Ch. Pl.* 6 ; 8 *Taunt.* 245 ; 3 *B. & C.* 254 ; 6 *Wend.* 629.

Where the demise is set out, it is unnecessary to make any allegation concerning the location. 3 *M. & S.* 380 ; 6 *T. R.* 62 ; 6 *East* 348.

The evidence is sufficient to warrant the finding for the sum specified. *Roscoe on Ev.* 317 ; 2 *Starkie on Ev., Title, use and occupation ;* 3 *Esp.* 213.

Upon the competency of Plumer, he cited 4 *Mass.* 488 ; 1 *Mason* 104 ; 11 *Ad. & E.* 335 ; 3 *N. H. Rep.* 502.

As to the misjoinder of counts, he contended that the first

count was debt for rent, and the second count was debt for use and occupation.

In answer to the objection about the location, he said that this was an objection about the venue, and was cured by the verdict; and that the plaintiff's action was founded upon privity of contract, and therefore it was not necessary to locate the premises, concerning which the contract was made.

GILCHRIST, J. In this case the lessors, seven in number, have demised to the two defendants certain real and personal property, " yielding and paying therefor the yearly rent of sixteen hundred dollars, in the proportion following : that is to say, to the said Gray four hundred dollars ; to the said Willard two hundred dollars, &c., to be paid to each of the said lessors, severally." And the defendants covenant to pay the rent reserved punctually at the time agreed on. The suit is brought by one only of the lessors to recover his share of the rent. The defendants object that all the lessors should have joined in the action ; and the question arises, what is the proper construction of the covenant ?

The rule is well settled by the decisions, that though a man covenant with two or more jointly, yet if the interest and cause of action of the covenantees be several, the covenant shall be taken to be several, and each of the covenantees may bring an action for his particular damage, notwithstanding the words of the covenant be joint. 5 *Rep.* 7, *Windham's case ; Eccleston* vs. *Clipsham*, 1 *Saund.* 153 ; *James* vs. *Emery*, 8 *Taunt.* 245. In *Withers* vs. *Bircham*, 3 *B. & C.* 254, it was held that where each of sundry covenantees had a distinct interest in a certain annuity payable to him, his interest was several, and the action must follow the nature of the interest, although the language of the covenant was joint. A co-obligee may alone maintain an action on a joint bond where the interest or cause of action is several *ratione subjectæ materiæ. Ehle* vs. *Purdy*, 6 *Wend.* 629. In the present case, although the covenant is in terms made

with all the lessors, yet the interest of each of them is distinct from that of the others. The proportion which each of them is to have of the sum of sixteen hundred dollars is specified, and this proportion is to be paid to each of them, severally. The interest being several, the action properly followed the nature of the interest, and the objection of nonjoinder cannot be sustained.

The defendants' second petition is, that the plaintiff cannot recover in his own right, because the declaration contains no averment that the defendants owe the plaintiff, except the sum stated under the assignment of Willard to the plaintiff.

The first count states the assignment from Willard, and avers that on the 5th day of September, 1840, the sum of six hundred dollars, payable according to the terms of the demise, to Willard, was due the plaintiff by virtue of the assignment, whereby an action had accrued to the plaintiff to recover said sum of six hundred dollars.

The second count alleges an indebtment from the defendants to the plaintiff in the sum of eighteen hundred dollars for the use and occupation of the premises. In this count the assignment by Willard is not stated. The sum alleged to be due includes both the sum payable to Willard, and that payable to the plaintiff. The defendants also object that there is a misjoinder of counts, and that there is no allegation where the lands are located. All these three exceptions depend upon the question whether the second count be a good count in debt for use and occupation.

Debt will lie for use and occupation generally, without setting forth the particulars of the demise. *Wilkins* vs. *Wingate*, 6 *T. R.* 62. In such a form of action it is unnecessary to state the place where the premises lie, or any of the particulars of the demise. *King* vs. *Fraser*, 6 *East* 348. In that case, *Lawrence*, J. said, "the case has been argued by the defendants' counsel as if this were an action founded upon locality; but no authority has been cited to

show that an action for use and occupation is a local action. If a party have enjoyed the use and occupation of land in *Kent*, that is a good consideration for a promise in *Middlesex*." "Lord *Coke* even says, that in debt, if a man declare upon a lease for years in one county, of land in another county, he ought to bring his action where the lease was made, and not where the land lies, for the action is grounded on the contract." *Bulwer's case*, 7 *Rep*. 1; *Davies* vs. *Edwards*, 3 *M. & S.* 380; *Kirtland* vs. *Pounsett*, 1 *Taunt*. 570. The opinion of the court is, therefore, that these exceptions must be overruled.

We do not perceive that the verdict was taken for too large a sum. The rent due Willard for three years amounted to six hundred dollars, and the rent due the plaintiff by the terms of the demise, amounted, for the same period, to twelve hundred dollars. Both these sums the plaintiff is entitled to recover, and there is no reason why he should not recover the interest upon them from the time they became due, by adding which to the rent, we understand the sum of $1926.80, the amount of the verdict, is made up.

It is said that the deposition of Plumer is inadmissible because he is interested with the plaintiff in the contract made with the defendants. But he has no interest in this suit, and cannot call upon the plaintiff for any portion of the sum the plaintiff may recover, nor is he in any way liable to the plaintiff on account of the rent. His interest is several, as has been before stated, and not joint, and he is a competent witness.

The defendants except farther, because that part of the deposition of Plumer which went to show that the lessors had no title to the premises was excluded by the court on motion by the plaintiff. If the part thus excluded contained matter of which the defendants could not avail themselves as a defence to this suit, it was properly excluded, unless the alleged matter of defence be admissible because it appeared from the plaintiff's own case.

The general rule is, that where a tenant has recognized the title of his landlord, and treated him as such, either by accepting a lease, by payment of rent, and the like, he is precluded during the term from showing that the plaintiff had no title at the time of the demise. *Carpenter* vs. *Thompson*, 3 *N. H. Rep.* 204; *Hayne* vs. *Maltby*, 3 *T. R.* 441, per Lord *Kenyon*; *Palmer* vs. *Ekins*, 2 *Ld. Raym.* 1550. *Nil habuit in tenementis* at the time the plaintiff permitted the defendant to occupy them, is a bad plea to an action of assumpsit for use and occupation; there is no occasion for the plaintiff to show any title upon these contracts. *Lewis* vs. *Willis*, 1 *Wils.* 314. In *Hodson* vs. *Sharpe*, 10 *East* 350, where a lessee who had enjoyed under the lease almost to the end of the term, objected that the lease was void because it was not registered, it was held that the objection could not be sustained.

Another inquiry is, whether it makes any difference that the lessor's want of title appears from his own evidence. This exception was taken in *Barwick* vs. *Thompson*, 7 *T. R.* 488. *Raine*, for the plaintiff, contended for the application of the common rule that a tenant shall not be allowed to dispute the title of the landlord under whom he holds. *Holroyd*, contra, answered that even if the defendants did hold under the lessors of the plaintiff, there was no reason why they should not be allowed to inquire into the validity of their title, as all the evidence of title was given by the plaintiff himself, and that in this respect this case differed from the ordinary one where a tenant is not suffered to bring evidence to impeach his landlord's title, the evidence given by the lessors of the plaintiff here having negatived their own title. But the court were of opinion that as the defendants held under the lessors of the plaintiff, their title could not be disputed. A similar decision was made in the case of *Dolby* vs. *Iles*, 11 *Ad. & E.* 335. The defendant objected that even assuming him to have recognized the plaintiffs as his landlords, they could not recover because

their own case showed that the legal title was not in them. *White*, for the defendant, said that in cases where the title is merely doubtful, a recognition by the party charged as tenant may remove all difficulty, but here the plaintiffs showed by their own evidence that they had no title on which the action could be supported. (*Coleridge*, J. You have made a payment of rent in fact to them. Can you, then, because they show that they have not the legal estate, allege that rent is not due to them? There has been an occupation by the sufferance and permission of the equitable tenant for life. *Littledale*, J. You cannot say that *cestui que trust* has no right to sue.) To this it was answered that if he himself shows that he has not the legal estate, the tenant may avail himself of the fact. (*Coleridge*, J. Suppose they are merely in possession, and suffer you to come in, and you accept possession under them; if they afterwards admit they have no title, can you take advantage of that?) Lord *Denman* then said, that the court were satisfied that this defence was not open to the defendant.

In the present case, as the defendants have accepted a lease, they are estopped from showing that the lessors had no title, and from availing themselves of any evidence tending to show that fact, although it appeared from a deposition offered by the plaintiff. The objection, then, that it was excluded by the court, is invalid, and must be overruled.

*Judgment on the verdict.*