## RUSSELL v. FABYAN.

An eviction from demised premises before the rent falls due, by a title paramount to that of the lessor, is a good defence to an action for rent.

A tenant cannot dispute the title of his landlord. If he has recognized it by accepting a lease, by payment of rent, or the like, he will be estopped during the term from disputing it, although the want of title may appear from the plaintiff's own evidence.

It is no defence by a tenant to an action for rent to show an outstanding title which is paramount to that of his landlord. There must be an ouster or disturbance by it, amounting to an eviction.

Where a tenant, for the purpose of proving that he had been evicted from the demised premises by a paramount title, proposed to show that the title of his landlord was fraudulent and void—*Held*, that he could not thus question the title of his lessor.

COVENANT broken, upon a lease for rent. The lease was executed January 28, 1847, and was for the Mount Washington House and farm, situated in Carroll, in the county of Coos, for the term of five years, commencing March 20, 1847, and ending March 20, 1852. The rent was to be paid annually, on the first day of September in each year, and was to be $800 a year for the first two years, and $1000 a year for the remaining three years.

This action was brought to recover the rent which, by the terms of the lease, fell due on the first day of September, 1850.

The execution of the lease, and the entry of the defendant under it, were admitted, and the defendant occupied the premises so as to be liable to some one for rent.

The plaintiff claimed title to the premises leased, by virtue of a deed from Daniel Burnham to him, dated August 21, 1844.

The defendant insisted upon the following facts as an answer to the action.

One Isaac Dyer, on the 10th of May, 1843, commenced a suit against said Daniel Burnham, and one David Webster, in Carroll county, and on the 16th of the same month,

the property leased to the plaintiff was attached upon the writ in that suit, and the levy covered the house and the most of the land leased by the plaintiff.

At the May term, 1848, of the court of common pleas in Carroll county, judgment was recovered in said suit against Burnham for $4,763,32 damage, and costs taxed at $114,84, the judgment being rendered on the 19th of May, 1848. Execution issued upon said judgment, May 22, 1848, and was committed to B. H. Chadbourne, Esq., a deputy sheriff, by whom it was extended upon a part of the land leased, upon the 12th of June, 1848, being the house and most of the land leased to the defendant. After the levy had been completed, which was on the 14th of June, 1848, Thomas S. Abbott, as agent for the creditor, accepted seizin and possession of the premises, and notified the defendant of these proceedings, and Dyer, by Abbott, his agent, threatened to expel him if he did not attorn ; and Fabyan then agreed to pay to Dyer the same rent that he was paying Russell.

In answer to this defence the plaintiff proved that within one year from the return day of said execution, he tendered and left with the creditor, Isaac Dyer, the debt, cost, interest, and so forth, as set forth in the officer's return, in full satisfaction of the execution, but the money was not accepted.

It further appeared that Dyer sued out another writ against Burnham and Webster, on the 20th of October, 1846, founded on a demand which existed prior to the deed of Burnham to Russell, and recovered judgment at the court of common pleas, holden at Ossipee, within and for the county of Carroll, May term, 1848, for $4,791,56 debt, and costs taxed at $20,58, upon which judgment execution issued May 22, 1848, and was extended upon the residue of the leased premises, and the property set off on the execution, and seizin accepted by Abbott, as agent of Dyer.

On the 20th of June, 1848, Burnham's right to redeem

said premises was seized, and on the 31st day of July, 1848, sold to Dyer, and conveyed to him by deed, duly executed.

On the 3d of February, 1851, the defendant called on the plaintiff to make repairs, and complained that the buildings were in a dilapidated condition. This was done in writing, by letter of that date.

The defendant proposed to show that the deed from Burnham to the plaintiff was fraudulent as to creditors, and therefore void, because Dyer was a creditor. To this the plaintiff objected.

The parties agreed that the case should be transferred to the superior court, and that they should order such judgment as the facts stated would authorize. It was also agreed that the pleadings and the lease, and the depositions of Abbott, Chadbourne, the officer, and Chase, who made the tender, might be referred to; also that judgment should be rendered for the plaintiff or defendant, or the case be discharged and the cause stand for trial, if the validity of the deed to the plaintiff, as against Dyer, or any other fact necessary to be determined by a jury, should be deemed material in the case.

*Lyford*, for the plaintiff.

1. The defendant cannot dispute the plaintiff's title. He cannot show that the plaintiff had no title when he took the lease. There is nothing better settled in the law than this. *Gray* v. *Johnson & a.*, 14 N. H. Rep. 414, and cases cited.

2. The defendant recognized the plaintiff as his landlord, by his letter, dated February 3, 1851, calling on the plaintiff to make repairs. This act is wholly inconsistent with the defendant's answer to the plaintiff's declaration. It is a complete acknowledgment of the plaintiff's title.

3. The defendant does not show, or pretend, that he has paid rent to any one for this year for which the plaintiff claims payment.

4. The levy of Dyer against Burnham was made void by the tender of the debt, costs, &c. There is no pretence but that sufficient was tendered. Rev. Stat. ch. 195, § 13.

5. The defendant cannot set up the second levy, or the sale of the equity of redemption, against the plaintiff's title, because the suit upon which that judgment was rendered was commenced after the conveyance of the premises by Burnham to the plaintiff, and the defendant is not in a position to inquire into the plaintiff's title.

*Bellows*, with whom was *J. Eastman*, for the defendant.

The defendant, in one of his pleas, alleges that on the 14th of June, 1848, one Isaac Dyer, under a title paramount to that of the plaintiff, entered upon the demised premises and evicted the defendant, and he was compelled to attorn, and did attorn to Dyer, and became his tenant, and has ever since held under him.

The plaintiff alleges that the defendant entered at the commencement of the term, and has ever since held under the lease, and has never been expelled or evicted, as alleged, and concludes to the country. So that the issue is upon the eviction.

In regard to the eviction, it appears that the plaintiff's title is derived from Daniel Burnham, by deed dated August 21, 1844.

On the other hand, Dyer's title is by an attachment prior to this deed, that is, May 16, 1843, in which suit he recovered judgment, May term, 1848, extended his execution within thirty days, and set off the property June 12, 1848.

The same day seizin was accepted and Dyer entered upon the land and took possession thereof; and on the same day the defendant attorned to Dyer, and agreed to be his tenant and pay him the same rent, Dyer being then in possession. This is clearly an eviction. *Loomis* v. *Bedel*, 11 N. H. Rep. 74.

It was an entry by a person having a paramount title,

and a yielding to it by the tenant. This would have entitled him to maintain an action against the lessor for breach of his covenant of warranty. *Hamilton* v. *Cutts & a. Ex'rs*, 4 Mass. Rep. 349; *Sprague* v. *Baker*, 17 Mass. Rep. 586; *Greenvault* v. *Davis*, 4 Hill's Rep. 643.

II.  Eviction of the whole or part of the demised premises is a good plea in bar to an action, either of debt or covenant for rent.  1 Chitty on Pld. ‾10  Am. Ed. 488 and n.; 1 Saund. 204, note 2; 2 Greenl. Cr. Dig. 116, 117; 2 Greenl. Cr. Dig. note 2, page 116, title 25, Rents, Ch. 3; *Hill* v. *Saunders*, 4 B. & C. 529; *Fitchburg Cotton Mill Co.* v. *Melvin & a.*, 15 Mass. Rep. 268; *Smith* v. *Shepard*, 15 Pick. 147; *Wood* v. *Partridge*, 11 Mass. Rep. 488, 493; *Simers* v. *Saltus*, 3 Denio 214; *Morse* v. *Goddard*, 13 Met. 177.

III.  Nor is the defendant precluded from setting up this defence on the ground that he cannot dispute his landlord's title.  It is true that he cannot dispute it so long as it remains as it was at the commencement of the lease.  But he may show that it has expired or been extinguished. *Jackson* v. *Rowland*, 6 Wend. 666; *Morse* v. *Goddard*, 13 Met. 177.

The case cited by the plaintiff's counsel, from 14 N. H. Rep. 414, shows only that the tenant cannot show that the landlord had no title at the time of the demise, and this does not conflict with our position.

The defendant's letter of February 3, 1851, has nothing to do with the case, as it was long after this suit was brought.  Even had it been otherwise, it was a matter only to be weighed by the jury, had there been any question about the eviction.

As to the tender; had it been valid, it would have extinguished the title of Dyer under the extent, but would not have made it void from the beginning.  The seizin of Dyer, up to that tender, would still have been rightful, and his title paramount, though subject to be defeated.

Russell *v.* Fabyan.

We say, however, that the tender was not good. The plaintiff had no right to make it, inasmuch as the right of redemption had passed to Dyer himself, by the sale on his execution against Burnham; and a fraudulent conveyance, as we allege this to have been, could not be set up against Dyer, who was a creditor of Burnham before the sale by Burnham to the plaintiff.

EASTMAN, J. It appears by the case that the defendant took of the plaintiff a lease of the premises for which rent is claimed, on the 28th day of January, 1847. The lease was to run for five years from the 20th of March, 1847, and the rent was to be paid annually, on the first day of September, in each year. It appears, also, that the defendant entered under the lease, and was in possession of the premises during the time for which payment was sought; this action being brought for the rent which fell due September 1, 1850.

The defence to the action is, that after the entry by the defendant in March, 1847, he was evicted by one Dyer on the 14th of June, 1848, by a title to the premises paramount to that of the plaintiff, and that the eviction continued during the year for which rent is claimed in this suit.

The plaintiff's title to the premises was by virtue of a deed from one Daniel Burnham to him, dated August 21, 1844; and the eviction set up was alleged to have been by Dyer, a creditor of Burnham, who had attached the premises prior to the conveyance by Burnham to the plaintiff. The conveyance was made August 21, 1844, and the attachment in May, 1843; and, consequently, if the suit should terminate in judgment and execution, and a legal extent should be made upon the premises, a title paramount to that of the plaintiff would be gained.

This was done; judgment was obtained in the suit against Burnham in favor of Dyer, in May, 1848, and a set-off of the premises was duly made to Dyer on the 14th of

June following. Dyer took possession of the premises by virtue of the extent, and evicted the defendant, as the case and the papers to which it refers show ; and had this state of things continued to exist, and Dyer held by virtue of his extent, it would have been a good defence to this action ; for an eviction from the demised premises, before the rent falls due, by a title paramount to that of the lessor, is a good defence to an action for rent ; for the obligation to pay ceases when the consideration for it ceases, which was the enjoyment of the premises. 2 Roll. Abr. Tit. Rent, O ; 1 Saund. 205, n.; Bacon's Abr. Rent, L.; *Lansing* v. *Van Alstyne*, 2 Wend. 565, n.; *Fitchburg Cotton Man. Co.* v. *Melvin*, 15 Mass. Rep. 268; *Hunt* v. *Cope*, Cowper, 242 ; *Smith* v. *Shepard*, 15 Pick. 147; *Loomis* v. *Bedel*, 11 N. H. Rep. 74; 2 Bing. 112; *Sapsford* v. *Fletcher*, 4 Term Rep. 511; 1 C. & P. 80 ; *Sprague* v. *Baker*, 17 Mass. Rep. 590; 3 Kent's Com. 464; *Morse* v. *Goddard*, 13 Met. 177.

But the title thus acquired by Dyer was a defeasible one. By the 13th section of chapter 208 of the Compiled Statutes, it is enacted that " such extent shall be void, if, within one year from the return day of the execution, the debtor, or any person interested, shall pay or tender to the creditor the sum at which such real estate was appraised, with interest from the time such levy was received for record by the register of deeds."

Now the plaintiff contends that the right of redemption contemplated by this section of the statute was legally exercised by him, and that the title acquired by Dyer by his levy was thereby defeated.

It appears from the case and the papers to which reference is made, that on the 3d of November, 1849, prior to the expiration of the year contemplated by the statute, Russell made a legal tender to Dyer of his debt, costs and interest, according to the requisitions of the statute ; and consequently, if he had the right to make the tender, the extent would become void.

The provision of the statute extends to the debtor, or to any person interested, and the plaintiff being the grantee of Burnham, and holding, in fact, all the title Burnham had, was clearly interested, and had a right to make the tender; and it would give him the entire title, unless the sale of Burnham's right to redeem, on the 31st of July, 1848, should, under the facts stated, operate as a bar to the rights given by the statute.

At the same May term, 1848, at which the execution, by virtue of which the set-off was made, was recovered, Dyer recovered another execution against Burnham, on a suit commenced in 1846, and on that execution advertised and sold, on the 28th of July, 1848, Burnham's right to redeem the premises set off on the first execution.

If this sale could deprive Russell of the right to redeem by paying or tendering the debt, costs, &c., on the first execution, within the year, then, upon the principles laid down, the eviction continuing, it is quite evident that the plaintiff has no cause of action here.

But so far as appears from the case, Burnham had no right which could be sold on the second execution. The suit upon which that execution was obtained was commenced in 1846, and the deed to Russell was in 1844. All the right which Burnham had to the premises was conveyed to Russell by this deed. There was, of course, at the time of the commencement of the suit, nothing of Burnham's that could be attached; and at the time of the sale, nothing of his that could be sold. He had parted with his title and rights long before either. Russell held the property, subject to the attachment in the first suit, and when that debt was paid he was the sole owner of the property; and Burnham, after the conveyance to Russell, had no interest whatever in the property. Burnham had, therefore, no right to redeem which could be sold on the second execution. The right of redemption was in Russell alone, and his right

could not be sold on an execution against Burnham in a suit commenced after Russell had gained his title.

The right of redemption being in Russell, the tender by him made void the extent, and that being made void, all rights acquired under it would, consequently, be void. The tender gave to Russell a perfect title to the property, so far as the facts disclosed in this case show. It restored to him all his rights, and gave to him a cause of action for the rent. The lease has not, in any way, been avoided or cancelled, and Russell's rights under it were only temporarily suspended. It remains as effectual as though nothing had been done by Dyer or Fabyan.

But, it is contended in argument, that Russell had no right to make the tender, inasmuch as the right of redemption had passed to Dyer, by the sale on his execution; that the conveyance by Burnham to Russell was fraudulent, and, therefore, could not be set up against Dyer, who was a creditor of Burnham before the conveyance.

The case finds that the defendant proposed to show that the deed from Burnham to the plaintiff was fraudulent, as to creditors, and, therefore, void, because Dyer was a credi-- tor. It does not state that this proposition was made with· a view to show that Russell had no right to redeem; that he had no title which he could use; but we take it that· such was the object of the introduction of the evidence.

It is well settled that a tenant cannot dispute the title of his landlord. If he ·has recognized the title by accepting a. lease, by payment of rent or the like, he will be estopped during the term from disputing it, although the want of title· may appear from the plaintiff's own evidence. *Gray v. Johnson & a.* 14 N. H. Rep. 414; *Jackson* v. *Rowland,* 6 Wendell 670; *Heath* v. *Williams,* 25 Maine Rep. 209; *Barwick* v. *Thompson,* 7 Term 488; *Dolby* v. *Iles,* 11 Ad. & E. 335; *Carpenter* v. *Thompson,* 3 N. H. Rep. 204; *Palmer* v. *Elkins,* 2 Ld Raymond 1550; *Lewis* v. *Willis,* 1 Wilson 314. It is only by an eviction by the landlord

himself, or by a title paramount to that of the landlord, that the tenant can avoid his express contract to pay the rent.

Again, an outstanding title, which is paramount to that of his landlord, is no defence, by a tenant, to an action for rent. There must be an ouster or disturbance by means of it, amounting to an eviction. *Loomis* v. *Bedel*, 11 N. H. Rep. 74. There is, moreover, high authority for holding that the disturbance of the possession must be by due process of law. *Lansing* v. *Van Alstyne*, 2 Wend. 565, note; *Waldron* v. *McCarty*, 3 Johns. 464; *Kerr* v. *Shaw*, 13 Johns. 238.

Now, the tenant, in this case, was evicted by Dyer, on the 14th of June, 1848, by means of the set off then made, and seizin and possession under it. That was the time of the eviction, and that was the title by which it was done. The sale of the right of redemption did not take place till the 31st of July following, and there was no attempt to hold the premises by virtue of any title then acquired. There was no eviction, or pretence of any, under that title, and the defendant, in his pleadings, makes no suggestion of any eviction, except on the 14th of June. What, then, does the tenant propose to show? It is this: that his landlord had no title, at the time of this sale, on the 31st of July, which could be used against the title then acquired. In other words, he proposes to show that his landlord's title is fraudulent, for the purpose of sustaining the title of Dyer, acquired by the sale of the right of redemption, by which title he was *not* evicted. This cannot be done. It comes clearly within the condemnation of the principles which we have stated. It is showing, not that the title by which he was evicted, was paramount to his landlord's, but another by which he was not evicted, and which was acquired subsequent to the eviction. The tenant asks to show his landlord's title void, for the purpose of sustaining an outstanding title, or, what is the same thing, he asks to defeat his

Russell *v.* Fabyan.

landlord's title, acquired by his deed and by the tender to Dyer, by showing that he had no title whatever. He proposes to dispute his landlord's title *in toto*, as it stood at the time of the demise, and ever after.

But, to take the strongest view of the matter for the defendant, and to consider the proposition to be to show the plaintiff's title fraudulent and void, and incompetent to be used to redeem the property and defeat Dyer's title, as acquired by the set-off, without regard to that acquired by the sale of the right to redeem.

This proposition may, perhaps, appear plausible, but an examination of it cannot fail to show that, if entertained, its effect is to allow the tenant to prove that his landlord not only had no title at the time of the execution of the lease, but has had none since. The plaintiff's title, which he held at the date of the lease, was acquired in 1844, and the demise was not till January, 1847; and the defendant asks to show that this title was void; and if this is permitted, then he can say that the plaintiff never had any title, for it is upon his deed of 1844, that the plaintiff founds all his interest in the property. But can the tenant thus dispute the title of his landlord? Can he thus say that his landlord had not, at the time of the lease, any title whatever? Does it lie in his power, after having entered upon the demised premises, by virtue of the lease, to repudiate that lease, and to assert and show that the title of his landlord was fraudulent and void, and thereby screen himself from the payment of rent to the plaintiff? We think it cannot so be; that such is not the doctrine of the books; and that to admit this evidence would be in contravention to the well established principles governing the law of landlord and tenant. In the language of the counsel, the tenant cannot dispute the title so long as it remains as it was at the commencement of the lease. This is not the proper action in which to test the validity of the conveyance from Burnham to Russell, and the defendant is not the proper person, stand-

ing in the relation in which he does to the plaintiff, to con-
test the point. To go into the matter, as proposed in this
suit, would be to try an issue indirectly between these par-
ties, which should be investigated directly between Dyer
and Russell themselves.

After the tender by Russell, all the title was *prima facie*
in him; not only as to the defendant, but as to all others;
and Fabyan had then the right to assert his claim and pos-
session under the lease. If he should be kept out of the
possession by Dyer, after the tender, he would have his
action against Dyer therefor; and if he should not succeed
in that, by reason of a failure in his landlord's title, he
would have his remedy against the plaintiff upon his cove-
nant in the lease for quiet enjoyment.

Let Russell and Dyer or Burnham and Dyer settle directly
the right to the property, by action brought for that purpose,
and in case of an eviction by Dyer, upon a title thus gained
by him, the defendant might show it without infringing
upon the fundamental and important principles governing
the law appertaining to landlord and tenant. But he can-
not show it in the manner proposed here, and thereby
directly controvert the title of his landlord. There is no
suggestion that the rent claimed in this suit has ever been
paid to Dyer. There is no plea to that effect, and the de-
fence does not rest on that ground. Probably the defendant
has chosen to withhold payment from all, till it should be
legally settled to whom he should pay; and as Dyer has
received the payment of his debt from Russell, (for the
papers show that the money was left in his house,) or might
have received it, there would seem to be no very strong
reason why the defendant should not pay the rent to the
plaintiff until Dyer shall see fit to test his title by direct
action with Russell.

We need make no suggestion in regard to the letter of
the defendant to the plaintiff, in 1851; but it was clearly

competent evidence of the existence of the relation of land-lord and tenant at that time.

According to the provisions of the case, there must be

*Judgment for the plaintiff.*