### EHLE *vs.* PURDY.

One of two *obligees* cannot maintain an action on a bond in his own name, without averring the death of his co-obligee.

*It seems,* where a bond is joint in *form* only, but several *ratione subjectæ materiæ*, an action may be maintained in the name of one of several obligees; but in such case the bond must be set forth truly to avoid the objection of variance, and the separate interest of the obligee suing alone must be shewn by proper averments.

Where the *oyer* varies from the instrument declared on, the defendant may set it forth in his plea and *demur*, or he may, without setting it forth, plead *non est factum*, and avail himself of the variance on the trial.

DEMURRER to plea. The plaintiff declared on a penal bond, and assigned breaches. The defendant craved *oyer* of the bond, and set it forth in his plea. It is a *joint* and *several* bond of the defendant and three other persons, executed to the plaintiff *and one William Willis*, conditioned to indemnify and save harmless the plaintiff *and* Willis against any suit to be brought against *them* by one W. M. A. for money deposited in *their* hands by the defendant and the said W. M. A., and which was given up to the defendant. After setting forth the bond and condition, the defendant alleged that the bond was executed to indemnify the plaintiff against loss or damage, which he might sustain in consequence of paying over to the defendant a bet of $100 upon a horse race, which had been deposited with him as a *stakeholder*; that the plaintiff aided and abetted in such race, contrary to the provisions of the statute to prevent horse racing, and that the bond therefore was void, wherefore he prayed judgment, &c. To this plea the plaintiff demurred. In the declaration it was averred that the money bet by W. M. A. was deposited by him with the plaintiff, and the money bet by the other party to the race, was deposited with Willis.

*J. A. Spencer,* for the plaintiff.

*J. A. Collier,* for the defendant.

BY THE COURT. The defendant objects to the *variance* between the bond as declared upon, and as set forth in the plea upon craving oyer. We have had occasion recently to speak of the manner of taking advantage of such a variance. On receiving the oyer the defendant, if he finds it to be of an instrument different from that described in the declaration, should, without setting it forth, plead *non est factum*, and avail himself of the variance when the issue comes on to be tried, and the bond is offered in evidence ; or he should set forth the bond as it is given to him on his craving oyer of it, and demur to the declaration for the variance between it and the oyer. Neither of these modes has been adopted in this case. If the rule that is usually applied to pleadings terminating in a demurrer is to govern in this case, we must look back to the first defect apparent upon the record, and allow the defendant's objection to the variance between the oyer and the bond described in the declaration. The plaintiff, however, contends that there is no variance ; that he is entitled to maintain his action against one of the obligors, although the bond be executed by several, they having bound themselves *jointly and severally ;* and that though the bond is *joint* to the plaintiff and Willis, the interest and cause of action of the plaintiff being *several,* the bond must be taken to be *several,* and each of the obligees be permitted to maintain his action for his particular damage, notwithstanding that the bond be joint ; and in support of this proposition, cites 1 *Saund.* 154, n. ; 1 *Bull. N. P.* 157.

The *general* rule cannot be questioned, that in suits on bonds or deeds, all the obligees or covenantees, if alive, must join as plaintiffs in bringing the action, 1 *Saund.* 291, *f. note* 4, *and the authorities there cited ;* and if they do not so join, the defendant can take advantage of the omission. There was formerly some difference of opinion as to the manner in which he was to do it. Cases are to be found in which it was ruled that the defendant could avail himself of this omission only by a plea in abatement ; but Sergeant Williams declares these cases not to be law. The correct mode is for the defendant to crave oyer of the bond or deed, and demur generally, unless it appears on the face of the declaration

that there is another obligee or covenantee living. In such a case the defendant can demur without craving oyer, or he may move in arrest of the judgment. 2 *Strange*, 1146. *Bull. N. P.* 158. *Comyn's Dig. tit. Abatement, E.* 12. If it appears from the record that the bond was given to the plaintiff and another, it will be presumed that the obligee who does not join in the suit is alive, unless the declaration avers the contrary. It is said in the case of *Cabel* v. *Vaughan*, as reported by Ventris, 1 *Vent.* 34 : " If one be bound to two, one obligee cannot sue unless he avers the *other is dead*." If it is necessary to aver the fact to have it available to the plaintiff, without such averment the contrary will be presumed. In *Vernon and others* v. *Jefferys*, 2 *Strange*, 1146, there were ten plaintiffs who brought covenant on articles of copartnership, and on oyer it appeared that there were two others named in the deed ; whereupon the defendant demurred, and the court decided in favor of the demurrer. In giving the opinion, they say : " If the other two did not seal the deed, the plaintiffs might have helped it by averment ; but here, on the oyer, we must take it they did seal. Besides, as they are named in the covenant as covenantees, they might join in the action, though they did not seal. This the defendant may take advantage of on oyer and demurrer." The language of a much later case, *Scott* v. *Godwin*, 1 *Bos. & Pul.* 74, is equally explicit. Eyre, Ch. J. observes : " I take it to have been solemnly adjudged in several cases, and to be the known received law, that one co-covenantee or co-obligee, or one joint contractor by parol, cannot sue alone." In the case now before us, a co-obligee has sued alone. The oyer shews the defendant gave the bond to the plaintiff and Willis. The law will not presume that Willis is dead, and it allows the defendant to take advantage of the non-joinder of the co-obligee when it appears on oyer, either by demurrer or in arrest of judgment. We must therefore sustain the objection raised by the defendant to the plaintiff's right to maintain this action, he not having joined Willis, the other obligee, with him as co-plaintiff.

It may be apprehended that the law, as thus laid down, is in conflict with the principle contended for by the plaintiff

and sustained by good authority, that a co-obligee may alone maintain an action on a joint bond, where the interest or cause of action is several. If the cases to which this last doctrine has been applied are looked at, they will shew that though in form the deed is joint, it is several *ratione subjectæ materiæ.* We will not say that either of the co-obligees cannot maintain an action on the bond given by the defendant; but if he can, he must set forth the bond truly, (that will be necessary to avoid the objection of variance,) and then, by proper averments, shew a cause of action to himself alone, clearly embraced within the condition of the bond.

Judgment for defendant, with leave to plaintiff to amend his declaration, on payment of costs.