## D. & N. ARNOLD *vs.* TALLMADGE.

An action on a bond given to several attaching creditors on the discharge of a ship or vessel pursuant to the provisions of the statute regulating proceedings for the collection of demands against ships and vessels, must be brought in the names of all the obligees; the bond may be prosecuted by the creditors jointly, or by any one of them separately, but the suit must be in the names of all the obligees.

DEMURRER to declaration. The declaration commenced by stating that the plaintiffs complained of the defendant of a plea that he rendered to them $4000, which he *owed* to and unjustly detained from *them.* It then proceeded in the first count to state that on the 24th of August, 1836, the defendant and one Jacob R. Van Benthuysen, together with a certain corporation called the Dutchess Whaling Company, by a certain writing obligatory, sealed, &c., the date whereof is the same day and year last aforesaid, acknowledged themselves to be held and firmly bound unto the said plaintiffs, and unto certain other persons therein also named as obligees, to wit, Lawrence J. Van Kleeck, &c. (setting forth the *names* of ten other persons besides the plaintiffs) in the sum of $4000, *to be paid to the said obligees,* (again naming them) for the which payment the obligors bound themselves *jointly* and *severally.* The plaintiffs then averred that the writing obligatory was subject to a certain condition, whereby after re-

citing that on the application of R. C. & S. Andrus, a warrant had been issued by Charles H. Ruggles, Esquire, circuit judge, against the ship Nathaniel P. Tallmadge, her tackle, &c. under ch. 8, tit. 8, part III. of the revised statutes (entitled, "*Of proceedings for the collection of demands against ships and vessels*," 2 R. S. 492,) that the sheriff of Dutchess had executed the same, that the plaintiffs and the ten other obligees had filed claims against the ship with the circuit judge, and that the Dutchess Whaling Company had applied to the circuit judge for an order to discharge the same, *it was provided* that if the obligors should " pay the amount of all such claims and demands as shall have been exhibited, which shall be established to have been subsisting liens upon such vessel pursuant to the provisions of ch. 8, &c. of the revised statutes at the time of exhibiting the same respectively, then the said obligation to be void." The plaintiffs then proceed to aver, that two persons of the names of *Tooker* and *Hait* were the *builders* and owners of the ship, and that Tooker and Hait were indebted to them, the plaintiffs, in the sum of $547,78, which debt was contracted by them with the plaintiffs while the ship was building and while Tooker and Hait were the owners thereof, for materials furnished by the plaintiffs for the building, fitting, furnishing and equipping of the said ship ; that said materials were the following, to wit, 2470 feet of timber, &c. ; that the claim of the plaintiffs for the said sum was exhibited in writing and filed with the circuit judge on, &c. and that the said claim was a subsisting lien on the said ship : concluding with the ordinary breach of non-payment, &c. The declaration contained a *second* count substantially like the first, except that it stated that Tooker and Hait were the *agents* of the Dutchess Whaling Company, and that the company were the owners of the ship : whereby an action accrued to the plaintiffs to demand and have, &c. To this declaration the defendant *demurred*.

J. L. *Wendell*, for the defendant.

J. A. *Spencer*, for the plaintiffs.

*By the Court,* Cowen, J.   The principle of the demurrer
in this case is, that the suit is by two of the several obligees
without joining the others.    It is not denied that this objection
would be fatal at the common law, *Ehle* v. *Purdy,* 6
Wend. 629 ; and if a separate suit in the *name* of each obligee
be admissible, such anomaly must depend for its sanction
on the statute which gives this proceeding.    2 R. S. 404, 2d
ed.    The 15th section is mainly relied upon, which provides
that " Every such bond shall be held for the *common benefit
of all the attaching creditors,* and may be prosecuted *by any*
of them *jointly,* or *by any one* of them *separately,* in respect
to his *separate* demand." This section does not in terms
declare expressly in what *name on the record* the bond shall
be sued, but only *by whom* it may be prosecuted.   Now, if
there were no other way to enforce it but by a suit *in the
name of the party in interest,* that form of proceeding would
necessarily be implied in order to prevent the statute and
the bond under it being nugatory for want of a remedy.
But that is not so.   The bond may be sued *in the names* of
all the obligees.   The statute saying that it may be prose-
cuted *by* any of them, &c., may be entirely satisfied by al-
lowing a suit for the benefit of part, &c., in the name of
all.   This would be treating all the obligees as trustees for
each according to his right.   And with this the subsequent
sections are entirely consistent.   By the next section, § 16,
in the suit on such bond, the attaching creditors respectively
shall state in their declaration their respective demands,
&c. ; by the 17th the defendants may plead ; and then, by
the 18th and 19th sections, judgment is to be rendered for
or against *any plaintiff in such suit* accordingly as it shall
be found that he had or had not a lien.   These provisions
seem to suppose the action to be in the names of all the
obligees, in which case judgment in the ordinary course
would also have been joint, costs perhaps being awarded
against all for the failure of some or one.   Therefore the
statute severs the proceedings and judgment, so as to make the
latter operate according to justice for or against each one who
is required to come in with his separate claim.

UTICA,
July, 1838.

Arnold
v.
Tallmadge.

We think, therefore, there is nothing in the statute to warrant this non-joinder of obligees.

Judgment for the defendant.