Bronson, J.
 

 (dissenting.) When there are several covenantees in a deed or obligation, the question who should join in bringing the action sometimes depends on the nature of their interest. If that be joint, all must join in bringing the action, although the words of the covenant may seem to imply a right to sue severally. And if the interest be several, each may sue alone, unless the words are expressly joint. The covenant will be construed to be joint or several, according to the interest of the parties appearing on the face of the deed, if the words are capable of that construction; but it cannot be construed to be several by reason of several' interests, if it be expressly joint.
 
 (Eccleston
 
 v.
 
 Clipsham,
 
 1
 
 Saund.
 
 153,
 
 and note
 
 1, 2;
 
 Bull. N. P.
 
 157;
 
 James
 
 v.
 
 Emery,
 
 8
 
 Taunt.
 
 245;
 
 Withers
 
 v.
 
 Bercham,
 
 3
 
 B. & C.
 
 254;
 
 Sorsbie
 
 v.
 
 Park,
 
 12
 
 M. & W.
 
 146.) But the rule that one of several covenantees may sometimes have an action without joining the others, has nothing to do with an action of debt on a, penal bond. There all the obligees must join, though the condition be to do an act for the exclusive benefit of one of them.
 
 (Rolls
 
 v.
 
 Yate, Yelv.
 
 177;
 
 Bac, Ab. Obligations, D.
 
 3;
 
 Hurlston on Bonds,
 
 96;
 
 Arnold
 
 v.
 
 Tallmadge,
 
 19
 
 Wend.
 
 527.) A different
 
 didum
 
 is imputed to “ the court” in
 
 Ehle
 
 v.
 
 Purdy,
 
 (6
 
 Wend.
 
 631, 2;) but the court must have been mis
 
 *393
 
 apprehended by the reporter. There is no common law authority for saying that one of several obligees in a bond may sue alone for the penalty by reason of his several interest in the matters mentioned in the condition. There is no ground for an argument in favor of the suit as it has been brought, except that which is furnished by the statute ander which the bond was taken ; which provides that the bond “ shall be held for the common benefit of all the attaching creditors, and may be prosecuted”—“by them jointly or by any one of them separately in respect to his separate demand.” (2
 
 R. S.
 
 12, § 57.) Nothing is said about the name or names in which the action must be brought; and the words of the statute will be fully satisfied by following the rule of the common law, and prosecuting the bond in the names of all the obligees; the prosecution being by or for the benefit of all the attaching creditors jointly, or by or for the benefit of any one of them separately, as the case may be. The breaches assigned in the declaration will show whether the suit is by all, or by only one of the creditors. This construction preserves the analogy instead of making an anomaly in the law, and is the construction which has already been given to another statute containing the same words.
 
 (Arnold
 
 v.
 
 Tallmadge,
 
 19
 
 Wend.
 
 527.) If that decision was more questionable than I think it is, still it ought not now to be overruled. It is one of those questions which at the first might be decided either way, but which, when once settled, should not be disturbed. No point of principle, nothing which affects the substantial rights of the parties is involved; it is only a question concerning the form of the remedy; and after the mode of procedure has been settled and acted on for years, nothing but mischief could result from the introduction of a new rule. It would defeat pending suits and reverse judgments already rendered ; and this too without obtaining any valuable end.
 

 It has been said that if each attaching creditor must prosecute m the names of all the obligees, the first judgment will be a oar to a suit by any other creditor. But that is a mistake. When all of the attaching creditors do not prosecute the bond jointly, the statute gives a separate action to each. And so
 
 *394
 
 whether each creditor sues in his own name alone, or in the names of all the obligees, the practical result will be the same.
 

 I am of opinion that the judgment of the court below is correct, and should be affirmed.
 

 Judgment reversed.