## COURT OF APPEALS.

SOLOMON MILLER, respondent agt. SILAS A. COOK, appellant.

*A guaranty* in these words, "For value received I hereby guaranty the payment of the within note," *held* to express a sufficient *consideration* to sustain the guaranty.

ON the 26th of February, 1857, Markel and Schott made their promissory note, dated that day, for one hundred and seventy-five dollars; payable to one Stephen M. Cook, or bearer, three months from date, with interest.   On the 16th day of March, 1857, the defendant, then being the bearer and owner of this note, transferred it to the plaintiff for value, and at the same time indorsed on the back of the note his guaranty in the words and figures following, viz.:

"For value received, I hereby guaranty the payment of the within note.                                SILAS A. COOK.

Waterloo, March 16th, 1857."

When the note became due it was presented to the makers for payment, which was demanded and refused, and the defendant was duly notified thereof.

There is now due on the note one hundred and seventy-five dollars and interest from date of note.

The defendant demurred to the complaint, averring that it did not state facts sufficient to constitute a cause of action.   The supreme court at special term sustained the demurrer, and the plaintiff appealed to the general term of that court in the seventh district, where the decision of the special term was reversed.   The defendant failed to answer, and judgment was perfected May 23d, 1860, for damages and costs $278.77.   From this judgment defendant appeals to this court.

J. K. RICHARDSON, *for appellant.*
STERLING G. HADLEY, *for respondent.*

I. This guaranty is not within the statute of frauds. (2 *R. S.*, 135, § 2.)

The demurrer admits the truth of the complaint. The defendant, the owner of the note, sold it to the plaintiff before due, with his own guaranty indorsed thereon, for value received of the plaintiff at the time of the transfer, and the case stands now as if that fact had been proven at the trial without objection.

This was a new and distinct consideration, independent of the debt of the makers of the note, and moving between these parties, to the new promise at the time, and was not therefore within the statute.

" The defendant does not undertake as a surety for the makers, but on his own account, and for a valuable consideration which has its root in a transaction entirely distinct from the liability of the makers." (*Gold* agt. *Phillips*, 10 *John.*, 412; *Farley* agt. *Cleveland*, 4 *Cowen*, 432; *Olmstead* agt. *Greenly*, 18 *John.*, 12; *Johnson* agt. *Gilbert*, 4 *Hill*, 178; *Brown* agt. *Curtis*, 2 *Comst.*, 225.)

II. This guaranty being in writing, signed by the party to be charged, and expressing a consideration, is not void by the statute.

Under our former statute on this subject (which was taken from the English statute,) the courts here and in England held that the *consideration*, as well as the *promise* must be in writing, although that statute did not require the *consideration* to be expressed in the guaranty, as ours now does. Yet the court held that the *consideration* need not be set forth in terms, in the writing; that it was sufficient if the writing contained enough to show the consideration, or it could be collected from the writing. (*Newbury* agt. *Armstrong*, 4 *Car. and Payne*, 59; *S. C.*, 6 *Bing.*, 201.)

So under the present statute we insist, that if the guaranty *express* a valuable consideration, or if the court can see from the *instrument itself*, that there was a valuable

consideration passing at the time between the parties, the statute is satisfied and the guaranty is not void.

III. The words "*for value received*" do express the consideration. It is too narrow and illiberal a construction of the statute to say that the guaranty shall express the identical and exact, and the whole consideration, as for example, one horse, one watch, or one hundred dollars current coin, &c.

It is enough that the contract of guaranty does express a valuable consideration.

IV. Public policy and mercantile transactions demand at this day, such construction of this statute, as not to render void millions of dollars of securities in the language of this guaranty, which have been taken under the former adjudications of the supreme court and intimations of this court in *Brewster* agt. *Silence*, (4 *Seld.*, 207.)

It is the duty of the court to sustain such contracts unless clearly within the statute, under a *liberal* construction, and the court has often enunciated this doctrine, under the statute, in their endeavors to uphold guaranties where the words " for value received" were *not* expressed.

V. Again we insist that the words "*for value received*" do express the consideration, which in this case was the amount of money due on the note at the date of the guaranty.

The primary meaning of the word value is *worth*—hence this guaranty legally interpreted is, " for the *worth* of *this note I guaranty the same.*"

What was the worth of the note ? The legal presumption is, that when the defendant transferred this note before due, no way dishonored, for the worth of it, that the defendant received of the plaintiff therefor the amount of money then due thereon, and that that amount was *the value received* in this case and expressed in this guaranty.

This is a full and entire compliance with the spirit and letter of the statute. (*See Cooper* agt. *Dedrick*, 22 *Barb.*,

515; *Brewster* agt. *Silence*, 4 *Seld.*, 207; *Douglas* agt. *How-land*, 24 *Wend.*, 35; *Watson's Ex's* agt. *McLaren*, 19 *Wend.*, 557.)

In *Brewster* agt. *Silence* the learned judge giving the opinion (concurred in by all except one,) uses this language : " the words for value received would probably have sufficed."

DAVIES, Justice.   This action is founded on a guaranty of a promissory note, made by William R. Markel and Philip S. Schott, payable to one Stephen M. Cook, or bearer.   Before this note became due, the defendant being the holder thereof, transferred the same to the plaintiff, and guarantied the payment thereof in these words : " For value received, I hereby guaranty the payment of the within note. Waterloo, March 16th, 1857. Silas A. Cook." This being an engagement to answer for the debt or default of a third person, the question raised is, whether the agreement is a compliance with the provisions of the statute. They are, that every agreement should be void, unless some note or memorandum thereof, *expressing the consideration*, be in writing and be subscribed." (2 *R. S.*, *part* 2, *ch.* 7, *tit.* 2, § 2.)

Does this agreement contain an expression of the consideration ?   We think it does.   The statute does not require the expression of the whole consideration in the agreement, but the expression of a consideration.   It would not be doubted, if the agreement had stated the consideration to be one dollar paid, it would have been sufficient, although the true consideration may have been $175, the amount of the note.   A valuable consideration must be expressed, although the true and actual consideration need not be. The question presented in this case was incidentally alluded to in *Holmes* agt. *McLaren*, (19 *Wend.*, 527.)   That was an action upon the guaranty of a promissory note made by the defendant Watson, and the only consideration expressed in

in the guaranty was contained in the words " for value received." On the trial at the circuit the defendant moved for a non-suit, upon several grounds, and among others, that the guaranty was void for want of a consideration expressed ; that the words " for value received" do not import or show any consideration ; that they were merely descriptive of the note referred to. The motion for the non-suit was denied, and the plaintiff had a verdict. Upon a writ of error to the supreme court, Cowen, J., in delivering the opinion of the court, says, in reference to this point, upon the merits, the objection that no consideration is expressed in the guaranty, is not founded on fact. The words " for value received" are a sufficient expression.

The same point was expressly passed upon by the supreme court, in *Douglass agt. Hubbard*, (24 *Wend.*, 35,) the court holding that the words " for value received" are a sufficient expression of the consideration within the meaning of the statute. A like ruling was made by the supreme court of the eighth judicial district, in *Cooper* agt. *Dederick*, 22 *Barb. R.*, 516 ; see also, *Lapham* agt. *Burrett*, 1 *Vermont R.*, 247 ; *Whitney* agt. *Stearns*, 16 *Maine R.*, 294.

In *Brewster* agt. *Silence* (4 *Seld.*, 207,) a distinct intimation was given by the learned judge who delivered the opinion of this court, that the words " for value received," if contained in the guaranty, would have been a sufficient expression of the consideration, and would have saved it from the condemnation it received. We are all of the opinion in this court, that the consideration is expressed in the guaranty, and that the words " for value received" adequately and sufficiently express it.

The judgment appealed from must be affirmed, with costs.