### BEHSMANN v. WALDO.

(City Court of New York, General Term. December. 1901.)

1. INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

   Where, in an action for injuries received by a coal man in falling into a furnace pit in a dark cellar, it appeared that the plaintiff had been in the cellar before, and knew of the pit, and refused to take a candle, but took matches, which he scratched from time to time, an instruction

74 N.Y.S.—59

that if he relied on the matches he assumed the risk of their extinguishment, and if he proceeded in the darkness after the matches were extinguished he was guilty of contributory negligence, was not erroneous.

2. EVIDENCE—OPINION—CONSTRUCTION OF FURNACE PIT.
    It was not error to permit two architects and one mechanical engineer to testify as to whether an unprotected furnace pit in a cellar was properly constructed.

Appeal from trial term.

Action by George Behsmann against Gertrude R. Waldo. From a judgment in favor of defendant, the plaintiff appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and DELEHANTY, JJ.

Frank Herwig, for appellant.

Jones & McCormick (Henry J. McCormick, of counsel), for respondent.

SCHUCHMAN, J. The action is brought to recover damages for personal injuries occasioned to plaintiff by the carelessness and negligence of the defendant. The evidence adduced established the following facts: The defendant was the owner of the premises No. 28 East Seventy-Second street, in the city of New York, on August 15, 1898, when the accident occurred. The house had been built by her (the defendant), and was never occupied. The cellar was a dark cellar, with a stairway leading down to it; and in the cellar was a furnace pit, which was 3 feet 1 inch deep, 6 feet 9 inches wide, and 11 feet 6 inches long, and was filled with water. The width of the cellar was 15 feet 6 inches, and the furnace was 3 feet 11 inches square. The pit was parallel to the stairs, and was situated 1 foot 4¾ inches from it. The plaintiff was requested by defendant to put coal into the cellar. The defendant testified as follows:

"I offered plaintiff a candle to go down into the cellar. I told him to take a candle, and go in the cellar. I held the candle in my hand, and some matches. He did not take them, but said, 'I have matches of my own, and have been in the cellar before.' He further answered: 'I am an old coal man, and I do not require a candle. I know all the cellars in New York, and don't require a candle.'"

On cross-examination defendant further testified that the plaintiff had been in the cellar before, and was familiar with it. One Michael Grimmins, the caretaker of the house, testified:

"That plaintiff went into the cellar first, and witness went after him; that when plaintiff reached the bottom of the stairs he lit a match, and that the match went out; that the passageway between the pit and the stairs was wide enough to pass along; that when plaintiff came down he lit a match, and passed the little passageway all right, and went over to the front of the cellar; that any one could see the furnace and pit when the match was lit; that plaintiff walked ahead of witness between the furnace pit and stairs; that all the way back the plaintiff lit a match, and witness told him to be careful, and keep in the left, not to go near the pit; that before going down to the cellar he told plaintiff there was a pit there."

We must assume that the jury, in rendering a verdict in favor of defendant, credited the foregoing testimony. Under this state of facts, we maintain that the ninth request, viz.: "That if, when the plaintiff got in the cellar, and relied on matches to light him through,

instead of a candle, that he took the risk of the matches being extinguished, and if he proceeded in the darkness after the matches were extinguished he is guilty of contributory negligence, and cannot recover,"—was not error. Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580.

There were no railings around the furnace pit, nor was there any covering on it. The appellant assigns as error the fact that the question, "Was the pit properly or improperly constructed?" was allowed to be answered by three witnesses, namely, two architects and one mechanical engineer, over appellant's objections, to which exceptions were taken. We do not think this was error. Finn v. Cassidy, 165 N. Y. 584, 59 N. E. 311, 53 L. R. A. 877. Judgment and order appealed from affirmed, with costs.

Judgment and order affirmed, with costs. All concur.