BARONDESS, Respondent, v. KAMINSKY et al., Appellants. (Supreme Court, Appellate Term. June, 1902.) Action by Joseph Barondess against Paul M. Kaminsky and others. William Klingenstein, for appellants. Henry Kuntz, for respondent.

MacLEAN, J. The plaintiff sought recovery on a nonnegotiable promissory note, transferred to him before maturity by the payee therein named, and, introducing the note at trial and proving the whole consideration therefor between himself and the payee, rested. The defendants moved to dismiss because of failure of proof of consideration at the inception of the note. The trial court denied the motion and directed verdict in favor of the plaintiff. This was proper. Prior to the present negotiable instruments law (Laws 1897, c. 612) it was held that such a note, payable without words of negotiability, was within the provisions of the Revised Statutes (1 Rev. St. p. 768), substantially following the statute of Anne (3 & 4 Anne, c. 9), and imported consideration, and that the words "'value received' need not appear on the face of the note, as those words express only what the law implies." Carnwright v. Gray, 127 N. Y. 92, 27 N. E. 835, 12 L. R. A. 845, 24 Am. St. Rep. 424. These provisions of the Revised Statutes have been repealed by the negotiable instruments law, without substitution therefor, and the defendants urge that it was, therefore, incumbent on the plaintiff to prove a consideration at the time of making the note before he could recover. This might, and seemingly could, be so, but for the presence of the words "value received" in the note in this controversy, which words have been held, in this state (Miller v. Cook, 23 N. Y. 495), an adequate and sufficient expression of valuable consideration, and so the order and judgment of the general term must be affirmed. Judgment (74 N. Y. Supp. 1120) affirmed, with costs. All concur.

BATEMAN v. STRAUS et al. (Supreme Court, Appellate Division, Second Department. October 10, 1902.) Action by Harry O. Bateman against Mark Straus and another. No opinion. Motion to dismiss appeal denied on argument.

BECK et al. v. KERR. (Supreme Court, Appellate Division, Third Department. September 3, 1902.) Action by Henry Beck and others, trustees of school district No. 3, city of Kingston, against George A. Kerr. No opinion. Order settled, making costs awarded to appellant to abide the event of the action.

BECKER, Respondent, v. FRIEKMAN, Appellant. (Supreme Court, Appellate Division, Second Department. October 17, 1902.) Action by Nicholas Becker against Robert Friekman. No opinion. Judgment of the municipal court affirmed, with costs.

BECKLER, Appellant, v. CITY OF ROCHESTER, Respondent. (Supreme Court, Appellate Division, Fourth Department. October 17, 1902.) Action by Samuel Beckler against the city of Rochester.

PER CURIAM. Judgment affirmed, with costs.

DAVY, J., dissents.

BEHSMANN, Appellant, v. WALDO, Respondent. (Supreme Court, Appellate Term. June, 1902.) Action by George Behsmann against Gertrude R. Waldo. F. Herwig, for appellant. Jones & McCormick, for respondent. No opinion. Judgment (74 N. Y. Supp. 929) affirmed, with costs.

BENNETT v. AMERICAN SURETY CO. OF NEW YORK. (Supreme Court, Appellate Division, First Department. October 17, 1902.) Action by James Gordon Bennett against the American Surety Company of New York. No opinion. Motion granted.

BERKELEY v. KENNEDY et al. (Supreme Court, Appellate Division, First Department. October 17, 1902.) Action by Lancelot M. Berkeley against Andrew J. Kennedy and others.

PER CURIAM. Motion granted, with $10 costs, and restitution ordered, unless Mary Kennedy, as administratrix of the estate of Michael Kennedy, deceased, file a bond, as directed in the former order of the court, in the sum of $1,200, to be approved by a justice of the supreme court, within 10 days after service upon the attorney of Mary Kennedy, personally and as administratrix, etc., of a copy of the order to be entered hereon, in which event, motion for restitution denied, with $10 costs of motion to the moving party.