NEW-YORK,<br>May, 1831.<br><br>M'Cartee<br>v.<br>Chambers.

---

### M'CARTEE and others *vs.* CHAMBERS.

A *committee* appointed at a *public meeting* to carry into effect the objects of such meeting, are responsible to workmen for labour performed by them. The workmen are not bound to look for their compensation to the individuals composing the meeting.

Where a defendant *pleads in abatement,* and the plaintiff takes issue upon the plea, and it is found against the defendant, the judgment is final, and the same jury who pass upon the issue assess the damages of the plaintiff.

CERTIORARI. Chambers sued M'Cartee and three others in a justice's court in the city of New-York, for work and labour. The defendants pleaded in abatement that 17 other persons ought to have been joined with them as defendants.

The plaintiff took issue upon the plea in abatement, and the cause was tried by a jury, who found a verdict for the plain tiff, and assessed his damages at ten dollars, for which judgment was rendered. The defendants sued out a *certiorari*, and from the justice's return it appeared that at a meeting of masters and journeymen boat builders, held in New-York, for the purpose of making arrangements to celebrate the completion of the *Erie Canal*, the defendants were appointed a *committee* of arrangements, who appointed an agent to employ men to build boats to be used in the procession. The plaintiff, the defendants, and the 17 persons named in the plea, were all, or most of them, present at the meeting when the committee was appointed, and the plaintiff was a principal mover in the business. The plaintiff assisted in the building of the boats, and there was evidence of his being employed by the agent, although at the same time there was room to doubt whether his services were not gratuitous.

*J. Leveridge*, for plaintiffs in error.

*J. R. Whiting*, for defendant in error.

*By the Court*, SUTHERLAND, J. The committee were undoubtedly responsible for the contracts made by their agent. There is nothing to warrant the conclusion that the workmen employed by the agent looked to the association ; that is, all the master and journeymen boat builders for their pay. The committee employed the workmen, and they, if any body, must be legally responsible. The association, as it is called, was nothing more than a *public meeting* of a certain class of mechanics, for a special purpose ; who designated a committee to carry into effect what had been resolved upon. The committee, and not the individuals composing the meeting, are the responsible persons in such cases. I think it very questionable, upon the evidence, whether the services of the plaintiff were not, at the time, intended and understood to be gratuitous ; the jury, however, have found that they were not.

Where the defendant pleads in abatement, and the plaintiff takes issue upon it, and it is found against the defendant,

the judgment is *final*, and the same jury must assess the damages, as was done in this case. *2 Saund. 24. a. n. 3, and cases there cited.*