Spalding, J.
The plaintiffs in error claim that the judgment below shall be reversed, because, after issue joined on the plea in abatement and found against them, a respondeat ouster was not awarded. The common-law rule on this subject is well established.
“"When a plea in abatement is regularly put in, the plaintiff must reply to it or demur. If he reply, and an issue in fact be thereupon joined and found for him, the judgment is peremptory, quod recuperet; but if there be judgment for the plaintiff on demurrer to a plea in abatement, the judgment is only interlocutory, quod respondeat ouster.” 1 Tidd’s Prac. 6411
The principles lying at the foundation of this rule of practice are asserted in Eichorn v. Lemaitre, 2 Wilson, 367; Amcots v. Amcots, T. Raym. 118; Bonner v. Hall, 1 Ld. Raym. 338; Medina v. Stoughton, Ib. 593; Crosse v. Bilson, 2 Ld. Raym. 1022; 2 Wms. Saund. 211, n. 3.
The same rule is recognized in Massachusetts, in the case of the Boston Glass Manufactory v. Mary Langdon and Trustee, 24 Picker. 49. The syllabus of this case is as follows: “Where, in an action by a corporation upon a promissory note, the defendant pleaded in abatement, that there was no such corporation as was in the writ supposed, and issue was joined upon that fact, the defendant was not permitted, on the trial before the jury, to allege and prove, in reference to the damages, that there was no consideration for the note, the judgment against the defendant being peremptory in ease of his failing to support his plea in abatement.”
In New Hampshire the court ruled in Lodge v. Morse, *3 N. H. 232, that if issue be taken upon a plea in abatement, and the jury find for the plaintiff, they must assess the damages in the same manner as when an issuo is found for the plaintiff upon a plea in bar. So in Jewett v. Davis, 6 N. H. 518, where Chief Justice Richardson remarks: “ It is objected that there is error in the judgment of the court below, because judgment was rendered for the plaintiff to recover his damages, instead of a judgment of respondeat ouster. But in this respect the judgment was correct.”
In Vermont, the same final judgment is rendered, whether the issue is tried by the court or the jury. Peach v. Mills, 13 Vt. 561.
In New York, Marcy, Judge, lays down in Haight v. Holley, 3 Wend. 262 ; “ Where the judgment is on demurrer, it is a re *327 spondeat ouster, but where the issue of fact, on a plea in abatement,, is found against the defendant, the judgment is final.” McCartee v. Chambers, 6 Wend. 649, is another case directly in point.
In Pennsylvania, Kentucky, and Indiana, the courts have come to the same result. W. Haffy v. Shore, 2 Penn. 361; Moore v. Morton, 1 Bibb, 234 ; John v. Clayton, 1 Black, 54.
In Ailing v. Shelton, 10 Conn. 436, the fact alleged in the plea in abatement was traversed by the plaintiff, on which issue was joined to the jury. After a trial on this issue, the jury returned a verdict for the plaintiff. The court accepted the verdict, and thereupon rendered judgment that the defendant answer over to the plaintiff’s declaration. This was assigned for error by plaintiff, and on this ground alone judgment was reversed. Williams. C. J., in pronouncing an opinion, distinguished for its depth of research, lays down the law distinctly on this subject, “that where the issue is joined to the jury, in a plea in abatement, and they find against the defendant, they must assess damages for the plaintiff.” The true reason, he says, is, “ that pleas of this description are usually merely dilatory pleas, which it is the policy of the law to discourage. *They are those required to be filed early, tried early, and not' allowed to be amended and made conclusive, if the defendant will risk a trial by jury thereon.”
It is proper to remark, however, in this connection, that by a practice long continued and peculiar to the courts of Connecticut, this common-law rule is varied in those cases where the issue has been tried by the court instead of the jury. Upon a finding by the court for the plaintiff, in an issue of fact, made up under a.plea in abatement, the judgments have been, for more than half a century, respondeat ouster. “A distinction,” says Judge Could, in his excellent Treatise on Pleading (page 300), for which it seems difficult to assign any satisfactory reason.”
In this state, an issue in fact, decided by the court, is followed by the same legal consequences as a verdict returned by the jury. The judges, pro hac vice, arc the jury.
The counsel for plaintiffs in error press upon our consideration the suggestion, that the common-law rule, in regard to the effect of pleas in abatement, is essentially modified by our statute.
It is said that pleas in abatement are not admitted without affidavits of their truth—that it permits the plaintiff to amend and *328 make now parties after plea of non joinder; and that where a plea in abatement shall be adjudged insufficient, it entitles the plaintiff to full costs to the time of overruling such plea. In reply, I have only to say that, if, at common law, it was an object to discourage false dilatory pleas, it may be more important, under the operation of our statute, to put a stop to dilatory pleas in which perjury may be assigned. The statute does not permit the plaintiff, after plea in abatement, to issue his summons for other defendants. It remains to be determined whether our courts will permit this to be done after verdict for defendant.
That a judgment for full costs follows the overruling of a plea in abatement, by no means signifies that the legislature designed thereby to change the rule of the common law, in ^regard to the effect of a finding against the defendant, upon such a plea. It evidently means the overruling of a plea for insufficiency, and upon demurrer. In all such cases,, even at common law, the defendant would be required to “ answer over and it is a reasonable requisition of our statute, that he be made to pay full costs. We are fully persuaded that the statute of Ohio has made no inroads upon the rule in question ; and hence the law is so, that if, under a plea in abatement, an issue in fact, tried by the court or the jury, be found for the plaintiff, final judgment must be awarded in his favor.
The judgment is affirmed.
I. The judgment on a plea in abatement is either,
1. That the writ or declaration be quashed—casseter breve, or narratio;
2. Respondeat ouster; and,
3. Einal, quod recuperet.
Judgment is rendered either,
1. Without issue taken on the plea; or,
2. With issue.
Issues are either,
1. Issues in law; or,
2. Issues in fact.
II. Issues on pleas in abatement are either,
1. Such as must be tried by the court; or,
2. Such as may be tried either by the court or jury.
The kind or form of judgment, rendered on an issue upon a plea in abate» ment, depends upon the question whether the issue be found,
1. Eor the plaintiff, and against the plea; or,
2. Eor the defendant, and in favor of the plea.

*329
Of judgment without an issue.

When a good plea in abatement is filed, the plaintiff may omit to take issue upon it, and pray that his writ or declaration may be quashed, in order that he may resort to a bettor one by commencing a new suit. In such case the cause will bo discontinued, and judgment of casseter breve or narratio be rendered. Steph. 109. As to entering nolle prosequi, see 2 Swan's Pr. 31, 75, 900.

As to what issues must be tried by the court.

All issues in law, can be tried only by the court. When, therefore, a demurrer is filed to a plea in abatement, it presents an issue in law, which is to be decided by the court only. When an issue is made, to be tried by inspection and examination of a record, although an issue of fact, such issue can only be tried by the court. Steph. 101; 2 Chit. 602 ; Co. Lit. 117, b. Thus, plea in abatement, another action pending, replication nul tiel record. Such issue must be tried by the court, if upon a domestic record, Johnson v. Hub-bell et al., Wright's S. C. 69. This is the rule as to all domestic records, including those of the courts of other states of this Union. But such an issue upon the records of foreign courts, is not necessarily tried by the court. 2 Swan’s Pr. 652, citing 6 Pick. 227; 1 Greenl. Ev. 547, n.
«0/ judgments on issues which must be tried by the court, where the issue is found for defendant, and in favor of the plea.
On all such issues, whether of law or of fact, the judgment must be that the writ or declaration be quashed, “ upon such pleas as are in abatement of the writ or bill, and that the suit do stay or bo respited, etc., upon such pleas as nre in suspension only.” Steph. on Pl. 107.

Of judgment on issues which must be tried by the court, when the issue is found for the plaintiff, and against the plea.

On all such issues of law, or-of fact, the judgment is respondeat ouster. Steph. on PL 105. It is a general rule that, “on demurrer, the court will consider the whole record and give judgment for the party who, on the whole, appears to be entitled to it.” But “ if a plaintiff demur to a plea in abatement, and the court decide against the plea, they will give judgment of respondeat ouster without regard to any defect in the declaration.” Steph. on PL 144. Ho plea in abatement, in the same degree, can be received after a respondeat ouster. 1 Sellon’s Pr. 275; 1 Chit. Pl. 466. After plea in abatement, no-exceptions can be taken to the declaration. Id.

Of issues which may be tried either by the court or jury.

All other issues of .fact, not above specified, may be tried either by submission to the court by consent of the parties, or by a jury, if required by either party. Walker’s Am. L., 2d ed. 525. Act of March 14, 1837; Swan’s Stat. 691, sec. 158; Mills v. Holes, 1 Ohio, 534; 5 Ohio, 277 ; 6 Ohio, 521. The act of 1837 applies to issues of facts, in actions sounding in contract, so that in such cases the court may bo required to try such issues. As to issues of fact not sounding in contract, perhaps the court could not be required to try them, ,but by consent might do so.

Of judgment on all other issues of fact decided by court or jury.

When an issue of fact is decided in favor of the plea, the same judgment is *330 rendered as by the court on such issue—that the writ or declaration be quashed, etc. Steph. on PI. 107. To this rule an exception has been made by our statute, providing that where partners arosued, and the defendants plead in abatement that all the partners are not joined, the suit shall not abate, but the plaintiff may make the other partner a party by service of a writ, and the causo shall proceed. Swan’s Stat. 661, sec. L. As to judgment for costs, when plea is adjudged insufficient, see sec. LXIX.
But when an issue of fact is decided against the plea, the judgment is final, quod recuperet, and no leave will be given to plead. Steph. on Pl. 105; 1 Sellon’s Pr. 273, C., Myers & Waterson v. Hunter Erwin & Co., above.
When a judgment is rendered on an issue, on a plea in abatement, that the writ or declaration be quashed, the plaintiff may again commence his suit in more correct form, whether such issue be decided by the court or jury. Steph. on Pl. 107.
When an issue, in fact, of the kind that may be tried by a court or jury upon a plea in abatement, is submitted to the court or jury, the whole evidence of the plaintiff is received on the hearing, not only in support of the issue, but in support of the plaintiff’s claim, and if the issue is found against -the plea, the court or jury assess the plaintiff’s damages, and return the assessment of damages, with the finding upon the issue. If the jury omit to assess the damages, such omission can only be supplied by a venire de novo. 1 Sellon’s Pr. 274.
Where a fact is pleaded in abatement, and issue taken thereon, the plaintiff should be prepared to prove his damages on such issue, otherwise he will recover «-‘nominal damages only. Weleker v. Le Pelletier, 1 Camp. 479 ; 2 Swan’s Pr. 950, No. 22. But this applies only to actions sounding in damages, for in actions where a specific thing is demanded, as debt, etc., if issue is joined upon a fact in a plea in abatement, and verdict thereon for plaintiff, the judgment thereon is peremptory, quod recuperet. 1 Sellon’s Pr. 274.
Where an issue in fact is joined on a plea in abatement, the defendant, perhaps, can only give such evidence as to the plaintiff’s claim on the merits, as could be given by a defendant, in default for plea.