Edward H. East, Special Judge,
^delivered the opinion of the Court.
Weil took an attachment against the property of Straus, for an alleged indebtedness of $1,283. This writ was issued by a Magistrate, upon an affidavit, alleging that the defendant, (Straus,) “was about to remove himself and property, or is about to remove his property, beyond the limits of the State, so as to defeat him, (plaintiff,) in the collection of his debt.” This attachment was levied upon the real and personal estate of the defendant, and the latter was, by him, replevied. . The papers in the cause were returned to the Circuit Court, and a declaration was filed. The defendant put in a plea in abatement to the attachment, and issue was ta *122 ken upon this plea, and the cause was submitted to the Court and jury; and the verdict of the jury, was rendered in favor of the plaintiff, and judgment given accordingly. Thereupon, the defendant moved for a new trial, which was properly refused, and the defendant prayed an appeal to this Court, which was also properly disallowed; and thereupon, it “ was considered by the Court, that the defendant, being so present in Court, in person and by Attorney, that he plead to the merits of the cause; and the defendant, in person and by Attorney, declined and refused to plead — the plaintiff then and there offering, that, if the defendant would' plead and file' an affidavit disclosing any merits in defense, to consent to a continuance to the next Term of the Court; and upon said defendant declining and refusing so to do, it is considered by the Court, that the plaintiff recover of the defendant; but as it does not appear what sum he should so recover, it is by the Court ordered that a jury be impaneled to inquire as to said sum.” A jury was impaneled, and found for the plaintiff the debt and interest, and judgment was given accordingly. The defendant made another motion for a new trial, which the Court overruled; and he prayed an appeal to this Court, both upon the judgment on the plea in abatement, and the final judgment on the merits.
It has been pressed in argument, that there was no proof to sustain the verdict on the plea in abatement, and that there is a great preponderance of testimony 'against the verdict on this point. This Court would be slow to reverse the verdict of a jury for these rea *123 sons, in a ease in which the charge of the Judge was free from fault, and there is no exception made to the charge of His Honor, in this record. We think the verdict was well warranted, and that this case presents no such condition, in this respect, as calls for any other, or different opinion of this Court, than those well established, and so often announced heretofore. We know of no better tribunal than a jury, well charged, to determine the facts of a case, and attain the truth in cases in which there is a conflict of testimony.
But, it is also argued, that there was no issue made up on the declaration, and therefore the verdict was void; and this argument would apply, with equal force, to every case in which a judgment by default had been taken, and a jury was called to aid in finding the damages. We think there is nothing in this argument, as stated; but it suggests another point which seems to be not clearly settled in the opinion of the profession and some of the Judges.
At the time the defendant appeared in Court, and put in his plea in abatement to the attachment, there had been no publication made, as required in sections 8518-9, and succeeding sections of the Code; and the question is presented, whether the fact that he appeared in Court, and put in the plea in abatement to the attachment, and contested the issue, was a sufficient appearance to warrant a judgment by default. Reserving, at present, the question whether the Circuit Judge did not err in offering him an opportunity to plead over to the merits, we are satisfied that he was in Court for all the purposes of this suit, and cannot now be heard *124 to say lie was not there. He had submitted the preliminary branch of his suit to a jury; had moved for a new trial, and noted his exceptions; had prayed an appeal to this Court; and when the final judgment was given, moved again for a new trial, again presented his exceptions, and again prayed for and obtained an appeal to this Court from both judgments. We might well ask, if he was not in Court, how did he except to the last judgment given on the merits, or how he was sufficiently in Court to pray an appeal, and how he brings the last judgment here to be reversed by appeal, and not by writ of error?
There are three modes known to our law, by which a party may be brought into a Court of civil jurisdiction: The one is, by a writ of summons, executed according to law; which presupposes the presence of the party in the county to which the writ issues. Another mode is, to attach the property of the party, and make publication in a newspaper for him. This process does not presuppose either his absence or his presence in the county always, and is only resorted to when he has put himself or property, or both, in one or more of the categories described in the attachment laws. The third and last mode is, by publication alone, which, in some cases, suffices without an attachment of his property.
But it is always the privilege of the defendant to expressly waive any or all of these modes, and come into Court voluntarily; and he is only seen, in the eye of the law, to be present or absent by what appears upon the records of the courts; and it has been frequently *125 held, that any appearance made by him, in the cause, whether to continue it to the next term, to file any plea or defense, or to make parlance with his adversary, is a sufficient appearance to warrant judgment and execution.
If the second and third mode, as mentioned above, are adopted by the plaintiff,- to bring his defaulting debtor, or tort feasor, into Court, he has only strictly to comply with the requirements of the law; and for all purposes of judgment in that case, he has him sufficiently in Court, although, in fact, the defendant may have no personal knowledge of the pending of the suit.
The law presumes, that, wherever a man may be, he still keeps his eye on his property, and when the same is seized, that he will hasten to its rescue. Nothwith-standing this generally safe and reasonable presumption, this, alone, does not satisfy the law; but, in addition, it^ requires a publication to be made for the party, and thus opens to him another avenue by which he may learn that he is called before one of the tribunals, to answer. Neither mode undertakes to give him exact and particular information of the demand made against him, but simply to inform him of a demand, and, on application to the court he can learn the rest.
The defendant, in this case, replevied the property that was seized; put in a plea to abate the suit, which indicates a knowledge of its existence; is seen upon the records of the case; made motions throughout the trial; excepted to the rulings of the Judge; moved for a new trial, finally, of the whole matter; and, all failing, appeals to this Court, and says, he never was in the *126 Court below. To concede tbis, would, we think, be refining a theory too far to meet the practical demands of justice.
We think the cases of Whiting vs. Budd, 5 Missouri, and Evans vs. King, 7 Missouri, 411, anuounce the true theory on this subject, in holding that, “if a defendant appears in Court and moves to dissolve an attachment, such an appearance will warrant a judgment by default.”
The only error committed in this case, in the Court below, was an error in favor of the “defendant, and exists in the fact that the Circuit Judge supposed that the defendant, had the legal right to plead over to the merrits of the case after the trial of the issue raised by the plea on abatement, and was entitled to another jury to pass upon the question of damages. Such is not the law in civil proceedings, in courts of common law.
The rules in courts of common law jurisdiction, anterior to the time of Blackstone or Bacon, were as follows:
If a defendant pleads in abatement to the plaintiff’s suit, and succeeds, the plaintiff is put out of Court.
If it be found that the plea of the defendant, is frivolous, and is therefore stricken out, or is demurred to by the plaintiff, and the demurrer sustained, the judgment of the Court is respondeat ouster — answer over — Black., vol. 3, 302; Baker vs. Compton, 2 Head, 471.
If the plea presents an issue of fact, and the plaintiff accepts the issue, and a jury is called to determine *127 it, or if by consent, it is determined by tbe Judge as of a jury, and it is found against the defendant, it is fatal and decisive; and the same jury, should be instructed to assess the damages, if it be a case requiring the intervention of a jury, as in other cases of judgment by default.
In the case of Bacon, Assignee, vs. Parker, 2 Tenn., R., 55, the Court say: “We have no doubt that where an issue 'is made up to the country, on a plea in abatement, there can be no further pleading. It is peremptory, and no respondeat ouster can be allowed; and in no case would it be necessary for - the Court to award a writ of inquiry, when the defendant, would be entitled by proof and argument, to be heard in mitigation of damages. In this way it would result, if the argument on the part of the defendant be correct, that we should have to wade generally through two trials, equally extensive and intricate.” Bacon, in vol. 1, p. 38, under the head of abatement, says : “A judgment for the defendant, on a plea in abatement, is narratio capetur, and -for the plaintiff, a respondeat ouster; but if issue be joined on a plea in abatement, and it be found for the plaintiff; it 'should be peremptory against the defendant, and the judgment shall be quad recuperet, because the defendant choosing to put the whole weight of his cause on this issue, when he might have had a plea in chief, it is an admission that he had no other defense.” And the principle is announced as the law, in the following cases: Moore vs. Morton, 1 Bibb, 234; Haight vs. Hally, 3 Wend., 258; McCartee vs. Chambers, 6 Wend., 649; Mehaffy vs. Share, 2 Penn., 361; Dodge vs. Morse, N. H. Rep., 232; *128 and Jewett vs. Davis, 6 N. H. Rep., 518; vol. 1 Burrell’s Practice, 259; 1 Arch. Practice, 225; 19 Wend., 527; 5 Hill, 213; and is well sustained with reason.
In the case of Eichorn vs. Le Maithe, 2 Wells, 368, it is decided and cited in Bacon, that, “if the action sounds in damages, the jury who try the issue in abatement, must assess the damages.”
And we see no reason why this is not the sensible and true rule, both in reference to pleas in abatement to the orignal writ of summons, and these same pleas in reference to suits commenced by writs of attachment; both are modes adopted by law to bring a defendant into Court, and when thus brought in, he chooses to put the issue of his case in this plea, rather than upon a plea of the merits, and to this issue he calls the country, we see no reason why he should be permitted to take a chance before another jury, then, or at some distant day. ' Each man is supposed to know the strength and merits of his case, and is aided and encouraged by the law to present them and have them passed upon. The law does not determine his defense for him, and can only know what they are by the pleading submitted; and if the defendant thinks that the merits of his case lie more in a plea in abatement than the actual facts, he is allowed to adopt this mode, but is not allowed to skirmish on the line of preliminaries, and hold the plaintiffs, courts, juries, and witnesses, to a prolonged and harassing litigation, with two trials, each subject to liberal rules of continuances. It is better for all to have one trial, decisive of the whole matter; and if the subject of the suit *129 be a matter for the enquiry of a jury, as in the ordinary cases of judgments hy default, let the jury, after passing upon the plea in abatement, if they find it in favor of the plaintiff, go one step further, and pass upon the question of damages under the proof, and previous instructions of the Court.
We afiirm the judgment of the Circuit Court, with costs.