**Bob HANLEY, Plaintiff-Appellee,**

v.

**Edmond Ramsey BURTON, Defendant-Appellant.**

Court of Appeals of Tennessee, Western Section.

Dec. 1, 1975.

Certiorari Denied by Supreme Court March 8, 1976.

Joseph L. Lackey, Sr., Nashville, for defendant-appellant.

Howard F. Butler, Nashville, for plaintiff-appellee.

CARNEY, Presiding Judge.

The Defendant below, Edmond Ramsey Burton, appeals from a judgment of the Circuit Court awarding the Plaintiff, Bob Hanley, $401.00 as back rent on a building formerly owned by Defendant. The case had been appealed from the General Sessions Court of Davidson County, Tennessee, and was tried below without a jury.

Prior to May, 1, 1972, the Appellant, Burton, was the owner of a building on Tenth Avenue North in Nashville in which the Appellant had stored some x-ray machines, equipment, tools, and other personal property. Appellant persuaded his uncle, Buford Jennings, to pay off a mortgage on the property and to take title in the name of the uncle with the understanding that the Defendant would redeem the property when financially able and when his domestic affairs were in better shape. The Defendant failed to pay his uncle, Jennings. The uncle, Jennings, deeded the property to the Plaintiff, Robert C. Hanley, and wife, Helen Hanley, on November 1, 1973.

On December 4, 1973, the Plaintiff, Hanley, brought suit for possession against the Defendant and was awarded judgment for possession on December 13, 1973. No rent was sued for in said suit. No appeal was taken from this judgment.

A writ of restitution was issued December 28, 1973, but was never served upon the Defendant. No return was made by the sheriff. The Defendant continued to use the property to the extent that he left his personal property within the building. On July 25, 1974, the Plaintiff sued the Defendant in the General Sessions Court of Davidson County for $1,125.00 for back rent. Process was returned "Not to be found in my county" by the sheriff. On October 8, 1974, writ of attachment was issued. The sheriff was commanded to attach an air conditioner, a junk automobile, and other personal property located at Tenth Avenue North. Process was had against Defendant by publication. Judgment was entered against the Appellant in the General Sessions Court in the amount of $1,125.00 on November 15, 1974.

No property was actually attached by the sheriff or the deputy. On November 15, 1974, the Plaintiff prepared a "Notice of sale" sign and posted it on a wall of the building advertising various items of the building for sale. On November 19, 1974, Defendant's attorney notified the Plaintiff that he had no legal right to enter the building and sell the Defendant's property.

However, the Plaintiff entered, sold and gave away many items of personal property belonging to the Defendant. From the sale of the Defendant's property, the Plaintiff received $724.00. On November 21, 1974, the Appellant appealed on the pauper's oath the judgment in the General Sessions Court to the Circuit Court.

Upon the trial in the Circuit Court on April 21, 1975, the Trial Judge dismissed the Writ of Attachment as improvidently issued and defective on its face. The Trial Judge further held that while there was no personal service of process on the Defendant, the Defendant voluntarily appeared and defended the action and that the Defendant was liable to the Plaintiff in the sum of $401.00, the Court having given him credit for the $724.00 which the Plaintiff received from the sale of the personal property. The Court thereupon rendered personal judgment for $401.00. The judgment of $401.00 is the subject of the appeal to this Court.

■ By assignment of error No. I, the Defendant insists that the Court erred in holding that he submitted to the jurisdiction of the Court by voluntarily appearing and defending the attachment. He cites no authority to support such assignment of error. On the contrary, the Appellee cites and relies upon the cases of *John Weis, Inc. v. Reed,* 22 Tenn.App. 90, 118 S.W.2d 677 (1938); *Straus v. Weil,* 45 Tenn. 120 (1867); *Akers v. Gillentine,* 33 Tenn.App. 212, 231 S.W.2d 372 (1950), and *Hall v. Jordan,* 190 Tenn. 1, 227 S.W.2d 35 (1950). These authorities support His Honor's holding that because the Defendant appeared generally and defended the action, he was subject to the judgment of the Court. Therefore, assignment of error No. I is respectfully overruled.

■ Assignment of error No. II insists that there is no competent evidence to sustain the judgment of $401.00 for "back rent." The Appellant emphasizes that the Plaintiff testified on cross-examination that in the beginning he met with the Appellant, told him he would rent the property to him

for $325.00 but they never did have a definite agreement.

There was ample evidence in the record from which the Judge could find that the Defendant-Appellant kept possession of this property from November 1973 until November 1974. The Trial Judge could consider the $325.00 per month rental asked by Plaintiff in determining the rent on a quantum meruit. The $1,125.00 approved by the Trial Judge appears reasonable. Assignment of error No. II is, therefore, overruled.

The judgment of the lower Court is affirmed at the cost of the Appellant.

MATHERNE and NEARN, JJ., concur.